709 So.2d 181 (1998)
Lewis REYES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-669.
District Court of Appeal of Florida, Fifth District.
April 3, 1998.
Rehearing Denied May 12, 1998.
Burton J. Green, Cocoa Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Judge.
Lewis Reyes appeals his conviction and sentence for attempted sexual battery in violation of sections 777.04 and 794.011(5), Florida Statutes (1995). We affirm the conviction but vacate the sentence and remand for resentencing.
The only issue in which we find merit is the erroneous inclusion of 18 points on the scoresheet for victim injury under the category "sex contact." In order to include those points the facts must establish victim injury, defined in section 921.0011(7), Florida Statutes (1993):
(7) "Victim injury" means the physical injury or death suffered by a person as a direct result of the ... offense.... If the conviction is for an offense involving sexual contact which includes sexual penetration, the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury. If the conviction is for an offense involving sexual contact which does not include sexual penetration, the sexual contact must be scored *182 as a moderate injury, regardless of whether there is evidence of any physical injury.
The term sexual battery in section 794.011 is defined as follows:
(h) "Sexual battery" means oral, anal, or vaginal penetration by, or union with the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
(Emphasis added). Thus, a sexual battery occurs, with or without actual penetration, so long as there is a union of the sexual organ of one person with the oral, anal or vaginal openings of another. The Florida Standard Jury Instructions in Criminal Cases provide that for cases of sexual battery, in which union is at issue, the jury should be instructed that union means "contact." The union or "contact" contemplated by these jury instructions did not occur in the instant case. The contact here was the fondling of a female breast and the making of a sexually suggestive comment in the course and commission of an attempted sexual battery.
In Karchesky v. State, 591 So.2d 930 (Fla. 1992), the supreme court determined that victim injury points on a sentencing guidelines scoresheet could not be added for penetration or contact because neither could be fairly equated to "physical injury" or "physical trauma." Shortly after Karchesky, the legislature enacted a statute which provided that for crimes of Chapter 794 (sexual battery), chapter 800 (lewdness, including statutory rape), and section 826.04 (incest), which involve sexual penetration, the points indicated for penetration or slight injury on the scoresheet shall be added, and that for such crimes which do not include sexual penetration but do include sexual contact, points must be added for "contact but no penetration." See § 921.001(8), Fla. Stat. (Supp. 1992). The legislature, in requiring points for sexual contact in this original statute as well as its successor, the one at issue, appears to be referring only to the contact occurring in a sexual battery by union without penetration.
The facts of this case do not establish that a union took place, and because removal of the contact points would alter the recommended sentence, we remand for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED.
THOMPSON and ANTOON, JJ., concur.