742 So.2d 817 (1999)
Thomas Henry SPIOCH, III, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2616.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
Rehearing Denied September 16, 1999.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Thomas Henry Spioch, III, appeals his sentence, contending that the court erred in imposing victim injury points. The state cross-appeals the sentence of time served for two of the twenty-three convictions for lewd and lascivious assault on a minor. We reverse the sentence because the court erred in assessing victim injury points.
First, we do not agree with Spioch that his sentences are controlled by Karchesky v. State, 591 So.2d 930 (Fla. 1992), which precluded the imposition of victim injury points in the absence of physical trauma. The testimony of both the victim and Spioch himself (who contended that the victim was the aggressor) established that the series of crimes began after the effective date of section 921.001(8), Florida Statutes (Supp.1992), which abrogated Karchesky, and which provided for the assessment of victim injury points in cases involving penetration or sexual "contact." See also, § 921.001(7), Fla. Stat. (1993).
Spioch further contends that the acts to which the victim testified, Spioch's fondling of the victim's penis through the *818 victim's clothing, do not qualify for victim injury points. We conclude that Spioch has adequately preserved this issue. See Pinacle v. State, 654 So.2d 908 (Fla.1995). In Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998), the trial court assessed 18 points for victim injury, or sexual contact, based on the defendant's having fondled the female victim's breast during the commission of the attempted sexual battery. This court reversed the sentence holding that "contact" meant the union of the sexual organ of one person with the oral, anal or vaginal opening of another. Thus, this court held, in the absence of physical trauma, victim injury points are appropriately assessed only in cases involving sexual battery, either by penetration or union. Cf. Vural v. State, 717 So.2d 65 (Fla.App. 3d DCA 1998), rev. denied, 733 So.2d 591 (1999). In the instant case, neither penetration nor union occurred, so the court incorrectly assessed the victim injury points.
We do not agree with the state that the court erred in sentencing Spioch to time served for two of the twenty-three convictions. The permitted guidelines sentence was 27 years to life, and Spioch's cumulative sentence was 315 years, which is regarded as a life sentence, see Alvarez v. State, 358 So.2d 10 (Fla.1978). We do agree, however, that counts for which adjudication is withheld should be included in the scoresheet. Rule 3.701 Florida Rules of Criminal Procedure defines a conviction as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." On remand, in re-calculating Spioch's sentence, the trial court will include counts 22 and 23 on the scoresheet.
REVERSED and REMANDED
W. SHARP and PETERSON, JJ., concur.