PER CURIAM.
Appellant was sued for legal malpractice. Only one point raised by appellant has merit. Central to the plaintiffs theory was that appellant drafted a note which violated the criminal usury statute, section 687.071, Florida Statutes (1999). Whether the transaction was criminally usurious was a question of fact to be decided by the jury. The charge to the jury on criminal usury was deficient, in that it allowed a finding of criminal usury if the plaintiff/clients “intended to get more than twenty-five percent per year in interest” on the loan in question. Section 687.071(2) makes it a second degree misdemeanor to “willfully and knowingly charge, take, or receive interest ... at a rate exceeding 25 percent per annum but not in excess of 45 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly.” The charge to the jury devalued and minimized the state of mind requirement imposed by the statute. See Jersey Palm-Gross, Inc. v. Paper, 658 So.2d 531 (Fla.1995).
Reversed and remanded for a new trial.
GUNTHER, FARMER and GROSS, JJ., concur.