762 So.2d 572 (2000)
STATE of Florida, Appellant,
v.
Luis A. MILANES, Appellee.
No. 5D99-3281.
District Court of Appeal of Florida, Fifth District.
July 7, 2000.
Rehearing Denied August 4, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellant.
*573 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellee.
PER CURIAM.
The State appeals the sentence imposed upon Luis Milanes contending that the trial court erred in omitting victim injury points from Mr. Milanes' sentencing guidelines scoresheet. We agree and therefore remand this matter for resentencing.
Luis Milanes entered a plea of nolo contendere to the charge of committing a lewd act by fondling the fifteen-year-old victim's penis. See § 800.04, Fla. Stat. (1997). In calculating Mr. Milanes' sentencing guidelines scoresheet, the trial court struck forty points which had been assessed for victim injury citing to Spioch v. State, 742 So.2d 817 (Fla. 5th DCA 1999), review granted, 760 So.2d 948 (Fla.2000), and Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998). At the time of this ruling, the trial court did not have the benefit of our en banc decision in Kitts v. State, ___ So.2d ___, 2000 WL 553926 (Fla. 5th DCA May 5, 2000), wherein we ruled that victim injury points can be assessed when the accused is adjudicated guilty of fondling the victim. In so ruling, this court receded from the rulings in Spioch and Reyes to the extent that they were in conflict. Accordingly, we must vacate Mr. Milanes' sentence and remand this matter for resentencing in accordance with Kitts. This ruling moots the other claim of sentencing error raised by the State.
Conviction AFFIRMED; sentence VACATED; cause REMANDED for resentencing.
THOMPSON, C.J., PETERSON and SAWAYA, JJ., concur.