766 So.2d 1067 (2000)
Robert L. KITTS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-2957.
District Court of Appeal of Florida, Fifth District.
May 5, 2000.
Opinion Granting Certification August 31, 2000.
James B. Gibson, Public Defender, and Stephen H. Park and John M. Selden, Assistant Public Defenders, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.

*1068 ON MOTION FOR REHEARING EN BANC

DAUKSCH, J.
We have considered this matter en banc upon the motion of appellant. We withdraw the previous opinion and issue the following in its stead.
This is an appeal from a conviction and sentence in a lewd and lascivious act on a child case. The statute reads "A person who ... Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner; ..." commits a criminal act. § 800.04(1), Fla. Stat. (1997).
The point on appeal is whether the court erred in assessing guideline sentencing points for victim injury pursuant to section 921.0011(7)(b)2, Florida Statutes (1997).
If the conviction is for an offense involving sexual contact that does not include sexual penetration, the sexual contact must be scored in accordance with the sentence points provided under § 921.0014 for sexual contact, regardless of whether there is evidence of any physical injury.
The evidence is that appellant kissed and fondled the breasts of a child who was under sixteen years old. He says that Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998) controls and that, essentially, breast contact is not sexual contact.
There is nothing in the case law or the statutes which expressly defines sexual contact or answers the basic question here, to wit: whether a fondling or kissing of a female breast is sexual contact. There are relevant statutes which do include the breasts as "intimate parts" and thus are of importance to the law governing behavior. For instance section 39.01(63)(d), Florida Statutes (1997) governs child welfare proceedings and defines "sexual abuse of a child," in relevant part, as follows: "The intentional touching of the genitals or intimate parts, including the breasts, genital area, groin, inner thighs, and buttocks, or the clothing covering them, of either the child or the perpetrator." (Emphasis added). Similarly, Section 985.4045, Florida Statutes (1997) defines "sexual misconduct" as "fondling the genital area, groin, inner thighs, buttocks, or breasts of a person." In either event, the Legislature has clearly defined sexual conduct much more broadly than this court in Reyes. Notably, the acts which led to appellant's conviction would clearly fall within either definition.
Several related statutes indicate that the Legislature, by implication, considers the female breast in connection with prohibited behavior. In criminalizing as "indecent exposure" the display of "sexual organs," the Legislature provided the following exception: "A mother's breastfeeding of her baby does not under any circumstances violate this section." § 800.03, Fla. Stat. (1993). The legislature included the breastfeeding exception elsewhere in Florida's criminal code, thereby implying that the breast can be considered the subject of lewd behavior when used for purposes other than breastfeeding. See § 800.02, Fla. Stat. (1993)(criminalizing unnatural and lascivious acts); § 800.04 ("Lewd, lascivious, or indecent assault or act upon or in presence of child"); § 847.001 ("A mother's breastfeeding of her baby is not under any circumstances `obscene'" for purposes of statute criminalizing the dissemination of obscene literature). The fact that the legislature limited the exclusion to breastfeeding implies that the exposure or manipulation of the female breast for other than nutritive purposes is sexual or indecent. Applying the maxim expressio unius est exclusio alterius (the inclusion of one thing implies the exclusion of another), it can be concluded that, generally, the Legislature considers breastfeeding an appropriate public act, while the gratuitous exposure or handling of female breasts constitutes inappropriate public behavior. The impropriety in the latter case stems from the fact that the female breast is, as a matter of common sense, a sexual object (as evidenced by the fact that women in most societies clothe their upper bodies in public).
*1069 From other states, research reveals definitions, either in case law or statutes, to include inappropriate contact with the female breast to be violative of the law. See, e.g., People v. Foley, 257 A.D.2d 243, 251, 692 N.Y.S.2d 248 (1999)(Statute defines "sexual conduct" as "physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or, if such person be a female, breast."); Wisconsin v. Dodson, 219 Wis.2d 65, 580 N.W.2d 181, 189 (1998)(noting that state law defines "intimate parts," for purposes of statute criminalizing sexual contact, as the "breast, buttock, anus, groin, scrotum, penis, vagina, or pubic mound of a human being"); Ohio v. Riffle, 110 Ohio App.3d 554, 674 N.E.2d 1214, 1217 (1996)(noting that state law defines "sexual contact" as "any touching of an erogenous zone of another person, including a female's breast"); Minnesota v. Oanes, 543 N.W.2d 658, 661 (Minn.Ct.App.1996)("Because the legislature has not defined `intimate parts' in the prostitution statutes, we must construe the words according to common usage. A woman's breasts are commonly considered a sexual and intimate part of her body... The legislature enacted the current criminal sexual conduct statutes before the present prostitution sections, and grouped them under the common heading "Sex Crimes," thus indicating sex crimes, including prostitution, encompass acts of touching another person's breasts under certain conditions.") (citations omitted); Strickland v. Arkansas, 322 Ark. 312, 909 S.W.2d 318, 321 (1995)(affirming conviction for sexual abuse where evidence indicated that defendant fondled the victim's breast in violation of statute defining sexual contact as touching "the breast of a female"); State v. Williams, 105 N.M. 214, 730 P.2d 1196, 1199 (1986)(Defendant properly convicted and separately sentenced for criminal sexual contact where facts showed that he touched victim's breast and statute defined protected "intimate parts" to include female breast).
Because the kissing and fondling of the child's breasts is deemed to be sexual contact it was appropriate for the circuit judge to assess points for that and no error occurred.
To the extent they conflict with this decision, we recede from Spioch v. State, 742 So.2d 817 (Fla. 5th DCA 1999) and Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998).
AFFIRMED.
ANTOON, C.J., COBB, W. SHARP, HARRIS, GRIFFIN, SAWAYA and PLEUS, JJ., concur.
PETERSON, J., dissents, with opinion, in which THOMPSON, J., concurs.
PETERSON, J., dissenting.
The majority is candid and admits that nowhere in the caselaw or statutes is the phrase "sexual contact" expressly defined. In Reyes v. State, 709 So.2d 181, 182 (Fla. 5th DCA 1998), however, receded from today, we did conclude that: "The legislature, in requiring points for sexual contact... appears to be referring only to the contact occurring in a sexual battery by union without penetration." See also, Spioch v. State, 742 So.2d 817 (Fla. 5th DCA 1999). Although the legislature has not expressly defined the phrase, any uncertainty resulting from the legislature's vagueness should accrue to the benefit of the defendant, not the state. § 775.021(1), Fla. Stat. (1999) ("When ... language is susceptible of differing constructions, it shall be construed most favorably to the accused."); Scates v. State, 603 So.2d 504 (Fla.1992); Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994).
I do not find the out-of-state cases mentioned by the majority to be supportive of the decision today. The opinions all specifically mention that the legislatures of their states had defined the phrase "sexual contact" or similar relevant terms or phrases. In State of Minnesota v. Oanes, 543 N.W.2d 658, 661, (Minn.App., 1996), a case in which the defendant was charged with prostitution, the court noted its legislature had defined sexual contact to include, *1070 "the intentional touching by an individual of a prostitute's intimate parts." In the New York case cited by the majority, that state defined sexual conduct as "physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or if such person be a female, breast." The Wisconsin legislature says a criminal sexual contact results when touching occurs on intimate parts. Ohio state law defines sexual contact as "any touching of an erogenous zone of another person, including a female breast." Accord, Arkansas and New Mexico, see majority opinion.
The Florida legislature has not similarly defined sexual contact for purposes of scoring victim injury points on a sentencing guidelines scoresheet. My review of the legislative and sentencing guidelines history of the phrase "sexual contact" indicates that it evolved from the phrase "contact but no penetration," which was used first in the sentencing guidelines scoresheet, and then repeated in the statutory modification enacted subsequent to Karchesky v. State, 591 So.2d 930 (Fla. 1992). § 921.001(8), Fla. Stat. (1992 Supp.). A sexual battery in Florida can be committed either by penetration or union. § 794.011, Fla. Stat. (1997). Union means contact according to the standard jury instruction given in sexual battery cases. Fla. Std. Jury Instr. (Crim.) 168. The supreme court, when using the phrase, "contact but no penetration," in the guidelines, and the legislature in the post-Karchesky statute, were both referring to a sexual battery committed with union (contact) but without penetration. Although the phrase "sexual contact" has been isolated from the term "penetration" in subsequent revisions of the victim injury guidelines scoring statute, none of the minor changes to the statute show any clear intent on the part of the legislature to begin scoring victim injury points for contact for other than union during sexual batteries. Ch. 93-406, § 9; Ch. 96-312, § 8; Ch. 96-388, § 50; Ch. 96-393, § 2, Laws of Fla. The only matter made clear by the legislature in the revised statute is that for some sexual battery crimes, neither penetration nor contact points should be scored. See, e.g., §§ 921.0011(7)(c) & (d), Fla. Stat. (1999).
Today, the majority has broadly defined an ambiguous statute through judicial fiat and interpreted it against the accused in violation of a primary rule of statutory construction. § 775.021(1). We must await future cases in order to determine how far the majority will go in expanding its definition of sexual contact to other parts of the body. The 40 points imposed on the scoresheet for victim injury contact should not have been scored. Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998). See also Spioch v. State, 742 So.2d 817, 818 (Fla. 5th DCA 1999); Wright v. State, 739 So.2d 1230, 1234 (Fla. 1st DCA 1999).
THOMPSON, J., concurs.

ON MOTION FOR CERTIFICATION
PER CURIAM.
We grant appellant's motion for certification en banc, and certify the following question to be one of great public importance:[1]
IN A CASE WHERE A DEFENDANT IS CONVICTED OF A VIOLATION OF SECTION 800.04(1), FLA. STAT. BASED ON EVIDENCE THAT HE KISSED AND FONDLED A CHILD'S BREASTS, ARE VICTIM INJURY POINTS ASSESSABLE UNDER THE GUIDELINES PURSUANT TO SECTION 921.0011(7)(B)2 FOR "SEXUAL CONTACT THAT DOES NOT INCLUDE SEXUAL PENETRATION?"
THOMPSON, C.J., COBB, W. SHARP, HARRIS, GRIFFIN, PETERSON, SAWAYA and PLEUS, JJ., concur.
DAUKSCH, J., recused.
NOTES
[1] Fla. R.App.P. 9.030(2)(A)(v).