802 So.2d 281 (2001)
Steven SEAGRAVE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2228.
Supreme Court of Florida.
July 12, 2001.
Rehearing Denied August 31, 2001.
*282 Nancy A. Daniels, Public Defender, and Jamie Spivey, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Karla D. Ellis, Assistant Attorney General, Tallahassee, FL, for Respondent.
PARIENTE, J.
We have for review a decision of the First District Court of Appeal, which certified a question to be of great public importance.[1]See Seagrave v. State, 768 So.2d 1121, 1123 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We rephrase the certified question as follows:
IS THE ASSESSMENT OF VICTIM INJURY POINTS FOR "SEXUAL CONTACT" UNDER SECTION 921.0011(7), FLORIDA STATUTES *283 (1997), LIMITED TO CRIMINAL ACTS THAT CONSTITUTE SEXUAL BATTERY, THUS REQUIRING THE UNION OF THE SEXUAL ORGAN OF ONE PERSON WITH THE ORAL, ANAL OR VAGINAL OPENING OF ANOTHER?[2]
For the reasons that follow, we answer the rephrased certified question in the negative and affirm the First District's decision.

FACTS AND BACKGROUND
Petitioner Steven Seagrave was convicted of committing a lewd, lascivious or indecent assault on a child under the age of sixteen pursuant to section 800.04, Florida Statutes (1997).[3] Seagrave does not contest the sufficiency of the evidence to support a conviction for lewd and lascivious conduct and admits that the record revealed that Seagrave rubbed the twelve-year old victim's buttocks and placed her hand on his clothed penis. In sentencing Seagrave, the trial court assessed forty victim injury points for "sexual contact" pursuant to section 921.0011(7)(b)2., Florida Statutes (1997), which provides:
If the conviction is for an offense involving sexual contact that does not include sexual penetration, the sexual contact must be scored in accordance with the sentence points provided under s. 921.0014 for sexual contact, regardless of whether there is evidence of any physical injury.[4]
*284 On appeal, the First District affirmed the imposition of victim injury points, adopting the rationale of the Fifth District's decision in Kitts v. State, 766 So.2d 1067, 1069 (Fla. 5th DCA 2000) (on rehearing en banc), wherein the district court held that fondling and kissing a child's breasts qualified as "sexual contact" within section 921.0011(7)(b)2. See Seagrave, 768 So.2d at 1123. In reaching this conclusion in Kitts, the Fifth District expressly receded from its prior decisions in Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998), and Spioch v. State, 742 So.2d 817 (Fla. 5th DCA 1999), review granted, 760 So.2d 948 (Fla.2000). See Kitts, 766 So.2d at 1069; Seagrave, 768 So.2d at 1123.
In Reyes, the defendant was convicted of attempted sexual battery under sections 777.04 and 794.011(5), Florida Statutes (1995). 709 So.2d at 181. The basis for the assessment of the victim injury points was the fondling of the female victim's breasts. See id. at 181. The Fifth District in Reyes concluded that because the sexual battery statute defined "sexual battery" as "oral, anal, or vaginal penetration by, or union with the sexual organs of another," the imposition of victim injury points for "sexual contact" based upon a violation of the sexual battery statute referred only to those circumstances in which "union or penetration" occurred.[5]See id. at 182. In reliance on Reyes, the Fifth District in Spioch held that the defendant's fondling of the victim's penis through the victim's clothing did not constitute "sexual contact" for purposes of imposing victim injury points because "neither penetration nor union occurred." 742 So.2d at 818. However, Spioch involved the crime of lewd and lascivious assault on a minor rather than sexual battery.
Because in Kitts the Fifth District subsequently receded from Reyes and Spioch, all of the district courts that have interpreted section 921.0011(7)(b)2. presently are in agreement that "sexual contact" victim injury points are not limited to acts involving "a union of the sexual organ of one person with the oral, anal or vaginal openings of another." See Louis v. State, 764 So.2d 930, 931-32 (Fla. 4th DCA 2000) (holding that conviction for attempted sexual battery for the intentional touching of the minor victim's chest and genital area constituted sexual contact to warrant the assessment of victim injury points under the sentencing guidelines); Blackburn v. State, 762 So.2d 989, 990 (Fla. 5th DCA 2000) (holding that defendant's rubbing of his erect penis on the victim's clothed back in violation of section 800.04(1) constituted sexual contact for purposes of assessing victim injury points); Vural v. State, 717 So.2d 65, 67 (Fla. 3d DCA 1998) (holding that victim injury points were properly assessed for sexual contact where defendant convicted of attempted sexual battery and battery after defendant forced victim to masturbate defendant's penis); Mackey v. State, 516 So.2d 330, 330-31 (Fla. 1st DCA 1987) (holding that victim injury points were properly assessed for sexual contact for lewd and lascivious conduct under section 800.04, where defendant fondled a thirteen-year-old by touching the victim above the crotch).
In Seagrave, the First District affirmed the trial court's assessment of victim injury points. Nonetheless, the First District stated that it was

*285 not unimpressed with Judge Peterson's dissenting arguments in Kitts, which noted particularly that the legislature has not defined "sexual contact" for guideline scoring purposes, and that if a penal statute is susceptible to different interpretations, it should be construed in the defendant's favor. We are also aware of the supreme court's strict construction of victim injury points in Karchesky v. State, 591 So.2d 930 (Fla. 1992).
Seagrave, 768 So.2d at 1123. Judge Peterson, in his dissenting opinion in Kitts and in his opinion in Reyes, expressed the view that victim injury points for sexual contact were limited to acts of sexual battery that involved union but no penetration. See Kitts, 766 So.2d at 1068 (Peterson, J., dissenting); Reyes, 709 So.2d at 182.
Accordingly, in order to resolve any uncertainty regarding the interpretation of "sexual contact" for the assessment of victim injury points under section 921.0011(7), the First District certified the above question to the Court as one of great public importance. See Seagrave, 768 So.2d at 1123.

ANALYSIS
The question presented in this case is under what circumstances victim injury points may be assessed for "sexual contact" under section 921.0011(7). Seagrave asserts that victim injury points are limited to criminal offenses that rise to the level of a sexual battery. In other words, Seagrave maintains that the trial court improperly assessed victim injury points for his conviction under section 800.04 for fondling a minor victim's buttocks and placing the victim's hand on Seagrave's clothed penis because this conduct did not involve a union of the sex organ of one person with the oral, anal or vaginal opening of another. Because the assessment of victim injury points under the sentencing guidelines at issue in this case is based on a statutory scheme, we necessarily begin with the words of the statute. See Overstreet v. State, 629 So.2d 125, 126 (Fla. 1993) (explaining that "[l]egislative intent must be determined primarily from the language of the statute").
Section 921.0011(7) provides:
(7)(a) "Victim injury" means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
(b) Except as provided in paragraph (c) or paragraph (d),
1. If the conviction is for an offense involving sexual contact that includes sexual penetration, the sexual penetration must be scored in accordance with the sentence points provided under s. 921.0014 for sexual penetration, regardless of whether there is evidence of any physical injury.
2. If the conviction is for an offense involving sexual contact that does not include sexual penetration, the sexual contact must be scored in accordance with the sentence points provided under s. 921.0014 for sexual contact, regardless of whether there is evidence of any physical injury.

If the victim of an offense involving sexual contact suffers any physical injury as a direct result of the primary offense or any additional offense committed by the offender resulting in conviction, such physical injury must be scored separately and in addition to the points scored for the sexual contact or the sexual penetration.
(c) The sentence points provided under s. 921.0014 for sexual contact or *286 sexual penetration may not be assessed for a violation of s. 944.35(3)(b)2.
(d) If the conviction is for the offense described in s. 872.06, the sentence points provided under s. 921.0014 for sexual contact or sexual penetration shall not be assessed.
(Emphasis supplied.)
Section 921.0014, Florida Statutes (1997), sets forth the sentencing guidelines, including the appropriate amount of sentencing points that may be added based upon victim injury. With regard to victim injury points, the sentencing guidelines provide:

2nd degree murder-death 240
Death 120
Severe 40
Sexual penetration 80
Moderate 18
Sexual contact 40
Slight 4

§ 921.0014(1)(a).
As the Fifth District explained in Kitts, "[t]here is nothing in the case law or the statutes which expressly defines sexual contact" with regard to section 921.0011(7). 766 So.2d at 1068. Because the statute does not define the term "sexual contact," the Court must resort to canons of statutory construction in order to derive the proper meaning. See Green v. State, 604 So.2d 471, 473 (Fla.1992). "One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the legislature." Id. When necessary, the plain and ordinary meaning of words can be ascertained by reference to a dictionary. See id.
"Contact" is a commonly understood term that, as defined by Webster's dictionary, means "a union or junction of body surfaces: a touching or meeting." Webster's Third New International Dictionary 490 (1993). In fact, the dictionary specifically refers to the term "sexual contact" in providing textual examples of the proper use of the term "contact." See id. Thus, we conclude that the most common usage of the phrase "sexual contact" encompasses the physical touching of a person's sexual body parts. Defining "sexual contact" as the Fifth District previously did in Reyes and Spioch as limited only to crimes of sexual battery that require the union of the sexual organ of one person with the oral, anal, or vaginal opening of another would be unduly restrictive and contrary to the plain and commonly understood meaning of the term "sexual contact."
Under the interpretation of "sexual contact" advocated by Seagrave, section 921.0011(7)(b)2. would be inapplicable to defendants convicted under subsections 800.04(1) and (2) of the lewd and lascivious conduct statute because these subsections prohibit a variety of acts that do not necessarily require the union of a sexual organ of one person with the oral, anal or vaginal opening of another. Section 800.04(1) of the lewd and lascivious conduct statute provides that a person who "[h]andles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner" commits a second-degree felony. Section 800.04(2), Florida Statutes (1997), likewise criminalizes "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act." Both subsections 800.04(1) and (2) include acts that do not necessarily involve union of the sex organs of one person with the oral, anal or vaginal opening of another. See Altman v. State, 756 So.2d 148, 149-50 (Fla. 4th DCA 2000) (holding that imposition of victim *287 injury points for sexual contact may be appropriate where defendant was convicted of three lewd acts in violation of section 800.04(1) for tongue-kissing the minor victim and one lewd act in violation of section 800.04(2) for rubbing his crotch against the victim's crotch and buttocks while both were clothed).
Judge Peterson, in his dissenting opinion in Kitts, based his opinion that the imposition of victim injury points was limited to crimes that rose to the level of a sexual battery in part on the fact that "[u]nion means contact according to the standard jury instructions given in sexual battery cases." 766 So.2d at 1070. We do not disagree that the standard jury instructions for sexual battery define "union" as "contact" and that a definition of "contact" includes "union." However, the term "sexual contact" encompasses a broader range of conduct than does the term "union" with regard to acts of sexual battery because the sexual battery statute limits the contact to the "union" between the sexual organ of one and the oral, anal or vaginal opening of another.[6] If the Legislature had intended to limit sexual contact points to offenses involving union for the purposes of the sexual battery statute, then it would have used the word "union" in section 921.0011(7)(b)2., rather than the more inclusive word "sexual contact."
In addition, to restrict the assessment of victim injury points for sexual contact to acts within the sexual battery statute would require us to add the words "oral, anal or vaginal opening" to section 921.0011(7). However, it is a basic principle of statutory construction that courts "are not at liberty to add words to statutes that were not placed there by the Legislature." Hayes v. State, 750 So.2d 1, 4 (Fla.1999); Overstreet, 629 So.2d at 126. Therefore, because the interpretation of the victim injury statute urged by Seagrave would essentially require us to rewrite the statute, we reject his contention that victim injury points for "sexual contact" may be assessed only for acts that rise to the level of a sexual battery. As we explained in Overstreet, 629 So.2d at 126, "[i]f the legislature did not intend the results mandated by the statute's plain language, then the appropriate remedy is for it to amend the statute."
Accordingly, after construing the words "sexual contact" in context, we find no basis for restricting the assessment of victim injury points to crimes that involve sexual battery where there is union but no penetration.[7] We note, however, that Judge Peterson stated in his dissenting opinion in Kitts that his
review of the legislative and sentencing guidelines history of the phrase "sexual contact" indicates that it evolved from the phrase "contact but no penetration," which was used first in the sentencing guidelines scoresheet, and then repeated in the statutory modification enacted subsequent to Karchesky v. State, 591 So.2d 930 (Fla.1992). § 921.001(8), Fla. Stat. (1992 Supp.). *288 766 So.2d at 1070. He further indicated that this Court,
when using the phrase, "contact but no penetration," in the guidelines, and the legislature in the post-Karchesky statute, were both referring to a sexual battery committed with union (contact) but without penetration. Although the phrase "sexual contact" has been isolated from the term "penetration" in subsequent revisions of the victim injury guidelines scoring statute, none of the minor changes to the statute show any clear intent on the part of the legislature to begin scoring victim injury points for contact for other than union during sexual batteries. Ch. 93-406, § 9; Ch. 96-312, § 8; Ch. 96-388, § 50; Ch. 96-393, § 2, Laws of Fla.
Id.
Although we are mindful that "legislative intent must be determined primarily from the language of the statute," Overstreet, 629 So.2d at 126, we review the history and the evolution of the sentencing guidelines to determine whether the assessment of victim injury points for "sexual contact" always has been restricted to offenses involving a sexual battery where union but not penetration occurred.
The sentencing guidelines became effective on October 1, 1983.[8]See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla.1983). The sentencing guidelines adopted by this Court created nine categories of offenses. See id. Relevant for this case, Category 2 encompassed sexual offenses contained in chapters 794 and 800 and section 826.04. See id. at 850.[9] Unlike the scoresheet forms for the other eight categories of offense, this form provides that extra points for "Victim Injury (physical)" are to be assessed as follows:

No contact 0
Contact but no penetration 20
Penetration or slight injury 40
Death or serious injury 85

439 So.2d at 855.
It appears that the original guidelines were the first time that the phrase "contact but no penetration" was used, and the phrase was not defined. There is no indication that at that time the phrase "contact but no penetration" was limited to cover only sexual battery crimes, especially given the fact that the sentencing guidelines expressly applied to crimes involving lewd and lascivious conduct encompassed within chapter 800.[10] In fact, it was not until 1984 that the Florida Legislature amended section 800.04 to include "Commit[ing] an act defined as sexual battery under s. 794.0011(1)(f)." § 800.04, Fla. Stat., amended by, ch. 84-86, § 5, Laws of Fla.[11]
*289 In Karchesky v. State, 591 So.2d 930, 932-33 (Fla.1992), this Court held that based on the sentencing guidelines in effect at that time, points could be assessed for victim injury only if the victim suffered a physical injury. Because Karchesky involved the crime of carnal intercourse with a person under eighteen years of age and the only issue in that case was whether physical injury was required in order to assess victim injury points, the issue of whether sexual contact points could be assessed for crimes other than sexual battery was not addressed.
In response to Karchesky, the Legislature enacted legislation that provided that victim injury points should be assessed for either contact or penetration, even when there was no separate ascertainable evidence of physical injury apart from such contact or penetration. See ch. 92-135, §§ 1, 4, Laws of Fla. The statute read as follows:
For purposes of the statewide sentencing guidelines, if the conviction is for an offense described in chapter 794, chapter 800, or s. 826.04 and such offense includes sexual penetration, the sexual penetration must receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury. If the conviction is for an offense described in chapter 794, chapter 800, or s. 826.04 and such an offense does not include sexual penetration, the sexual contact must receive the score indicated for contact but no penetration, regardless of whether there is evidence of any physical injury.

§ 921.001(8), Fla. Stat. (Supp.1992) (emphasis supplied). Thus, once again, chapters 794 and 800 and section 826.04 were referenced and included crimes other than sexual battery.
In 1993, the Legislature decided to "significantly change[ ] how criminal offenders are sentenced in Florida," and it enacted, among other sections, section 921.0011. Fla. H.R. Comm. on Crim. Just., SB 26-B (1993), Staff Analysis p. 1, (June 18, 1993). Newly enacted section 921.0011(7), Florida Statutes (1993),[12] read as follows:
"Victim injury" means the physical injury or death suffered by a person as a direct result of the primary offense, or any offense other than the primary offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense. If the conviction is for an offense involving sexual contact which includes sexual penetration, the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury. If the conviction is for an offense involving sexual contact which does not include sexual penetration, the rule sexual contact must be scored as a moderate injury regardless of whether there is evidence of any physical injury. If the victim of an offense involving sexual contact *290 suffers any physical injury as a direct result of the primary offense or any other offense committed by the offender resulting in conviction, such physical injury must be scored separately and in addition to the points scored for the sexual contact or the sexual penetration.
(Emphasis supplied).[13]
The Legislature also enacted section 921.0014 in 1993 as part of that same legislation. See ch. 93-406, Laws of Fla. This section codified the guidelines scoresheet that previously had been contained in this Court's rules, Form 3.988 and specifically included victim injury points for "sexual contact." The legislative history to chapter 93-406 does not indicate why, when the scoresheet was codified in Florida Statutes, the term "sexual contact" was used as opposed to the phrase "contact but no penetration."
At the time that the scoresheet was codified, however, and before this Court's issuance of Karchesky, the district courts of appeal had uniformly approved the assessment of sexual contact victim injury points for acts of fondling under section 800.04, the lewd and lascivious conduct statute.[14] "Florida's well-settled rule of statutory construction [is] that the legislature is presumed to know the existing law when a statute is enacted, including `judicial decisions on the subject concerning which it subsequently enacts a statute.'" Wood v. Fraser, 677 So.2d 15, 18 (Fla. 2d DCA 1996) (quoting Collins Inv. Co. v. Metropolitan Dade County, 164 So.2d 806, 809 (Fla.1964)).
As evidenced by the history of the changes to the sentencing guidelines, there is no indication that either this Court at the time we first promulgated the sentencing guidelines or the Legislature ever intended to restrict victim injury points for "sexual contact" to cases of sexual battery. Indeed, the specific reference in 1992 to chapter 800, which includes lewd and lascivious offenses other than sexual battery, and the subsequent removal in 1993 to all *291 references to any particular chapter, is indicative of an intent by the Legislature not to restrict sexual contact victim injury points to offenses of sexual battery or to preclude the assessment of victim injury points for offenses involving fondling or touching of a sex organ.
In summary, we are unable to find support for Seagrave's interpretation of "sexual contact" under section 921.0011(7)(b)2. that would limit assessment of victim injury points to instances where there was a union of the sexual organ of one person with the oral, anal, or vaginal opening of another. Therefore, although we acknowledge that the rule of lenity requires that a criminal statute be "strictly construed" and "when susceptible of differing constructions, it must be construed most favorably to the accused," § 775.021(1), Fla. Stat. (2000), we do not find the restrictive interpretation offered by Seagrave to be a reasonable construction.[15] Indeed, an interpretation of "sexual contact" that would be restricted to the union of a sexual organ with the oral, anal or vaginal opening of another would require us to impermissibly read words into the statute other than those that were written. See Hayes, 750 So.2d at 4.
We thus conclude that victim injury points for "sexual contact" are not limited to criminal acts that constitute sexual battery. Accordingly, we answer the rephrased certified question in the negative and approve the decision of the First District to the extent that it is consistent with this opinion.[16]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] The certified question framed by the First District asked:

MAY 40 POINTS BE ADDED TO A SENTENCING GUIDELINE SCORESHEET UNDER SECTION 921.0011(7), FLORIDA STATUTES (1997), BASED ON A DEFENDANT'S ACT OF FONDLING THE VICTIM'S BUTTOCKS, OR IS "SEXUAL CONTACT" LIMITED TO ACTS ENCOMPASSED WITHIN THE SEXUAL BATTERY STATUTE, AS WAS DECIDED IN REYES v. STATE, 709 So.2d 1181[181] (FLA. 5TH DCA 1998), receded from in KITTS v. STATE, 25 FLA. L. WEEKLY D1102[, 766 So.2d 1067] (Fla. 5TH DCA MAY 5, 2000) (ON REH'G EN BANC)?
Seagrave v. State, 768 So.2d 1121, 1123 (Fla. 1st DCA 2000).
[2] Although the First District in Seagrave only discusses Seagrave's act of fondling the victim's buttocks for purposes of determining whether victim injury points for "sexual contact" were warranted, Seagrave admits the record reveals that in addition to fondling the victim's buttocks he placed the victim's hand on his clothed penis. Thus, because the acts in this case upon which victim injury points were assessed include contact with Seagrave's clothed penis, we do not decide whether the fondling of the buttocks alone constitutes "sexual contact." Rather, our opinion deals solely with the broader issue certified to us whether "sexual contact" is limited to sexual union in order to allow the assessment of victim injury points. For this reason, we have rephrased the certified question. We recognize, however, that the Fourth District Court of Appeal in Borjas v. State, 790 So.2d 1114 (Fla. 4th DCA 2001), recently certified conflict with Seagrave with regards to whether "sexual contact" included the fondling of a victim's buttocks.
[3] Section 800.04 provides:

A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. A mother's breast feeding of her baby does not under any circumstance violate this section.
[4] Section 921.0011 is applicable to a defendant who committed a crime before October 1, 1998, and therefore it is applicable to Seagrave. See State v. Rife, 789 So.2d 288, 293 n. 2 (Fla.2001). The Legislature amended the sentencing statute applicable to felonies committed on or after October 1, 1998. See ch. 97-194, Laws of Fla. (creating the Florida Criminal Punishment Code, codified at sections 921.002-921.0026, Florida Statutes (1997)); see also § 921.0027, Fla. Stat. (1999). Section 921.0021, Florida Statutes (2000) provides for the same scoring guidelines for victim injury regarding sexual contact as provided by section 921.0011.
[5] Section 794.011(1)(h), Florida Statutes (1997), the sexual battery statute, provides that:

"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
[6] We note that this Court did not approve the use of the jury instruction for the crime of sexual battery defining "union" as "an alternative to penetration and means coming into contact" until 1987four years after the Court promulgated the sentencing guidelines. See The Florida Bar Re Standard Jury Instructions Criminal, 508 So.2d 1221, 1222 (Fla. 1987).
[7] Sexual battery can be accomplished either by union or penetration. See § 793.01. In Richards v. State, 738 So.2d 415, 418 (Fla. 2d DCA 1999), the Second District recently explained that "the term `union' and the term `penetration' are used with some precision. Union permits a conviction based on contact with the relevant portion of anatomy, whereas penetration requires some entry into the relevant part, however slight."
[8] In Smith v. State, 537 So.2d 982, 983-84 (Fla.1989), this Court detailed the history of the enactment of the sentencing guidelines.
[9] Chapter 794 covered sexual battery (section 794.011), and carnal intercourse with an unmarried person under the age of eighteen (section 794.05). Chapter 800 covered "unnatural and lascivious act" (section 800.02), exposure of sexual organ (section 800.03), and "lewd, lascivious, or indecent assault or act upon or in the presence of a child" (section 800.04). Section 826.04 covered incest. Ultimately, sexual misconduct by a therapist (section 491.0112), see Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 576 So.2d 1307, 1309 (Fla.1991), and sexual predators (section 775.22), see Amendments to Florida Rules of Criminal Procedure Re Sentencing Guidelines, 628 So.2d 1084, 1084 (Fla.1993), were added to the list of Category 2 offenses.
[10] In 1984 the Florida Legislature codified the sentencing guidelines in Florida Statutes, utilizing the same language contained in this Court's rules. See ch. 84-328, Laws of Fla.
[11] The legislative history to this amendment indicates that the amendment was enacted in response to the Third District's decision in Lanier v. State, 443 So.2d 178, 181 (Fla. 3d DCA 1983), quashed, 464 So.2d 1192 (Fla. 1985), in which the court held that having consensual sexual intercourse with an unchaste twelve-year-old girl did not constitute an offense of handling or fondling in a lewd, lascivious or indecent manner or the offense of making an assault in a lewd, lascivious or indecent manner under section 800.04. See Senate Journal (May 24, 1984). The Legislature amended section 800.04 so that "the crime of lewd and lascivious handling, fondling, or assault of a child included sexual intercourse and other acts defined as sexual battery." Id.
[12] In 1993, the "victim injury" provision was removed from section 921.001, see ch. 93-406, § 5, Laws of Fla., and reenacted by the Legislature under section 921.0011(7). See ch. 93-406, § 9, Laws of Fla.
[13] As a result of this legislation, this Court adopted rule 3.702(d)(5), which provided

"Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. If the offense pending before the court for sentencing involves sexual penetration, victim injury is to be scored. If the offense pending before the court for sentencing involves sexual contact, but no penetration, victim injury shall be scored.
Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, 1089 (Fla.1993).
[14] See Mackey, 516 So.2d at 330-31(holding that victim injury points were properly assessed for sexual contact for lewd and lascivious conduct under section 800.04, where defendant fondled a thirteen-year-old by touching the victim above the crotch); Beasley v. State, 503 So.2d 1347, 1349 (Fla. 5th DCA 1987) (holding that victim injury points were properly assessed for sexual contact for defendant sentenced to two counts of attempted sexual battery and one count of lewd and lascivious assault upon a child where defendant opened victim's legs and started to pull down her bathing suit and shorts); O'Bright v. State, 508 So.2d 385, 386 (Fla. 1st DCA 1987) (holding that defendant convicted under section 800.04(1) with fondling the victim's genitals and having her fondle the defendant's genitals, without committing the crime of sexual battery, could be assessed victim impact points for "contact but no penetration."); Barrentine v. State, 504 So.2d 533, 534 (Fla. 1st DCA 1987) (holding that the imposition of victim injury points was proper where defendant was convicted of lewd and lascivious assault where information stated that the defendant "did handle, fondle or make an assault" upon the victim); Worling v. State, 484 So.2d 94, 94 (Fla. 5th DCA 1986) (holding that imposition of twenty victim injury points was proper where defendant was convicted of fondling a minor victim pursuant to section 800.04).
[15] The fact that appellate courts may differ in their interpretations of a statute alone does not render a statute ambiguous. See Hayes, 750 So.2d at 3. However, in this case, other than Reyes and Spioch, which have both been receded from in Kitts, appellate courts both before and after Karchesky uniformly approved assessment of sexual contact points for lewd and lascivious conduct that did not rise to the level of a sexual battery.
[16] We decline to address the second issue raised by Seagrave because it is outside the scope of the certified question. See Friedrich v. State, 767 So.2d 451, 452 n. 1 (Fla.2000); Hearndon v. Graham, 767 So.2d 1179, 1186 n. 7 (Fla.2000).