Levine, J.
We are presented- in this case with the following issues: whether the trial court *147 erred in denying appellant’s motion for a mistrial when a state’s witness allegedly made an isolated comment on the credibility of other witnesses and non-witnesses; and whether the trial court fundamentally erred in giving the standard jury instruction that the term “union,” as used in the sexual battery statute, means “contact.” We conclude that the trial court did not abuse its discretion in denying appellant’s motion for a mistrial, and additionally, we find that the trial court’s instruction was consistent with Florida law. We also find the remaining issue on appeal to be without merit and affirm without further comment.
The eight-year-old victim and her twin sister went to visit their uncle at his home that the uncle shared with his girlfriend and his girlfriend’s father, Ruben Tirado, the appellant. After arriving at the home, the twins went outside to play, and when they returned, their mother was present, sleeping on a couch. The two girls went into a bedroom where appellant was watching television. One of the girls got into bed with appellant and the other got onto a small side bed.
As the victim was falling asleep, appellant rolled over, pulled her pants down, and pulled his own pants down. The victim told appellant to get off of her and tried to push him .off, but was unable. When the victim’s sister noticed the victim struggling, the twin attempted to get appellant off of the victim as well, but could not. Although at trial the victim stated that appellant’s penis “touched” her “butt,” the victim told others shortly after the incident occurred that appellant had put his penis “in her butt.” When the victim’s uncle entered the room, appellant told the victim leave and to pull her pants up.
A subsequent medical examination of the victim did not show signs of injury. However, semen was found both in and around the victim’s anus and vagina, and DNA testing showed the semen belonged to appellant.
After appellant’s arrest and before being interviewed, he was kept in an interview room, alone, for several hours while a detective' interviewed the victim and other witnesses. At trial, appellant argued that the state must introduce the entire tape of his time inside of the interview room to show that appellant was uncomfortable, which, he argued, was relevant to the vol-untariness of his statement to police.
The state asked the detective why appellant was kept waiting in the interview room. The detective responded that she wanted to speak to the witnésses and the victim before speaking to appellant. The state asked the detective why she did this and she responded, “Because I want to get the most accurate information as to what occurred.” Appellant objected, argued the witness was commenting on the accuracy of others’ statements, and moved for a mistrial. The state asserted that it was not the witness’s intention to comment on anyone else’s testimony. The court sustained appellant’s objection and told the state to rephrase the question, but denied appellant’s motion for a mistrial.[1] The state changed to a • different line of questions and did not later discuss the • detective’s comment.
Following the close of evidence, the court gave the standard jury instruction on sexual battery:
To prove the crime of Sexual Battery upon a person less than twelve years of age the State must prove the following *148 three elements beyond a reasonable doubt:
[[Image here]]
Two, [appellant] committed an act upon [the victim] in which the penis of [appellant] penetrated or had union with the anus of [the victim].
[[Image here]]
And the term union méans contact.
Appellant did not object to the court’s definition of “union.”
The jury convicted appellant of both sexual battery and false imprisonment. Appellant appealed.
Appellant argues that the trial court erred in denying his motion for a mistrial after the detective commented on the credibility of the other witnesses and non-witnesses. We review the trial court’s decision to deny a mistrial for abuse of discretion. See Power v. State, 605 So.2d 856, 861 (Fla. 1992).
“A mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial.” Hamilton v. State, 703 So.2d 1038, 1041 (Fla. 1997). For example, in Tumblin v. State, 29 So.3d 1093 (Fla. 2010), a police officer testified he told another officer that the defendant’s co-defendant was reliable. The co-defendant’s testimony in that case was crucial as it was the only eyewitness testimony that the defendant had committed a crime. The Florida Supreme Court held the trial court abused its discretion in denying the defendant’s motion for a mistrial. Id. at 1104. In contrast, in Hamilton, a state’s witness unexpectedly testified that the defendant committed a collateral murder. The Florida Supreme Court found that the trial court did not abuse its discretion in denying a mistrial because “the improper comment was unanticipated by the State and was brief.” 703 So.2d at 1041.
In the present case, we first note that the witness’s testimony was not as crucial to showing guilt as the testimony was in Tumblin because appellant’s semen was found both in and around the victim’s anus and vagina. Furthermore, although the detective’s statement could be interpreted as vouching for the credibility of others, this testimony appears to have been “unanticipated” and was “brief.” See Hamilton, 703 So.2d at 1041. We therefore conclude that the trial court did not abuse its discretion in denying appellant’s motion for a mistrial because the detective’s statement did not “vitiate the entire trial.” See id.
Appellant next argues that the trial court fundamentally erred in giving the standard jury instruction that defines “union,” under the sexual battery statute, as meaning “contact.” For an error to be fundamental, “the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” State v. Delva, 575 So.2d 643, 644-45 (Fla. 1991) (citation omitted).
“Sexual battery” is defined as “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.” § 794.011(1)(h), Fla. Stat. (2012). The standard jury instruction the trial court gave defines “union” as meaning “contact.” Fla. Std. Jury Instr. (Crim.) 11.1. Appellant contends that “[s]exual union is the reciprocal of penetration.” Thus, he argues that mere “contact” between the sexual organs of one and the oral, anal, or vaginal orifice of another is insufficient to prove sexual battery.
We note that the standard jury instruction in this case is consistent with the Florida Supreme Court’s decision in Seagrave v. State, 802 So.2d 281 (Fla. 2001), which dealt with the assessment of victim *149 injury points for “sexual contact.” In Seag-rave, the court held that the assessment of “sexual contact points” was not limited to only criminal acts involving “the union of the sexual organ of one person with the oral, anal or vaginal opening of another.” Id. at 283. The supreme court stated,
We do not disagree that the standard jury instructions for sexual battery define “union” as “contact” and that a definition of “contact” includes “union.” However, the term “sexual contact” encompasses a broader range of conduct than does the term “union” with regard to acts of sexual battery because the sexraal battery statute limits the contact to the “union” between the sexual organ of one and the oral, anal or vaginal opening of another. If the Legislature had intended to limit sexual contact points to offenses involving union for the purposes of the sexual battery statute, then it would have used the word “union” in section 921.0011(7)(b)2., rather than the more inclusive word “sexual contact.”
Id. at 287 (second emphasis added) (footnote omitted).
The supreme court also defined “contact” as “a union or junction of body surfapes: a touching or meeting.” Id. at 286 (quoting Webster’s Third New International Dictionary 490 (1993)) (emphasis added). Indeed, the court explained that “the term ‘union’ and the term ‘penetration’ are used with some precision. Union permits a conviction based on contact with the relevant portion of anatomy, whereas penetration requires some entry into the relevant part, however slight.” Id. at 287 n.7 (quoting Richards v. State, 738 So.2d 415, 418 (Fla. 2d DCA 1999)). See also Dorch v. State, 458 So.2d 357, 358 (Fla. 1st DCA 1984) (“[I]t is clear that the Legislature intended that ‘union’ mean something other than penetration. We agree with the trial court that contact alone, between the sexual organ of the offender and the mouth, anus, or vagina of the victim, is sufficient to convict.”); Victor v. State, 566 So.2d 354, 355 (Fla. 4th DCA 1990) (explaining that “[a] sexual battery under chapter 794 does not require penetration of a victim. Contact between the defendant’s mouth and the victim’s sexual organ is sufficient.”) (citing Dorch, 458 So.2d at 357). We therefore find that the trial court did not err in giving the standard jury instruction that “union means contact.”
In summary, we conclude that the trial court’s decision to deny appellant’s motion for a mistrial was not an abuse of discretion. We also conclude that the trial court did not fundamentally err in giving the standard jury instruction for sexual battery. We affirm as to the remaining issue, finding it to be without merit.

Affirmed.

Warner and Taylor, JJ., concur.

. Appellant also'requested that the’trial court give a curative instruction though the trial court did not rule on appellant's request and appellant floes riot raise the lack of a curative instruction for our consideration.