[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14103

Non-Argument Calendar

_____

ANTWAN B. CHANCE,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:13-cv-01399-MSS-TGW

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Antwan Chance appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He argues that, because the evidence introduced at his state court trial did not support his conviction, his trial and appellate counsel were unconstitutionally ineffective by (1) being insufficiently specific while moving for a judgment of acquittal, (2) not objecting to the State's closing argument, (3) failing to file a motion for a new trial, and (4) not arguing on direct appeal that his trial had fundamental error. After review,[1] we affirm the district court.

## I.  DISCUSSION

To establish ineffective assistance of counsel, a petitioner must show his attorney's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires that no competent counsel would have taken the action. *Pinkney v. Sec., Fla. Dept. of Corr.*, 876 F.3d 1290, 1295 (11th Cir. 2017).

---

[1] We review *de novo* a district court's denial of a § 2254 petition but are highly deferential to the state court's decision. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). A claim in a § 2254 petition that was adjudicated on the merits in state court proceedings cannot be granted unless the state court's adjudication of the claim (1) resulted in a decision that unreasonably applied clearly established federal law or (2) was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Prejudice requires a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. When the state court applies the correct governing federal legal principle to the facts of the case, the petitioner must show that the state court's error in applying the standard was so obviously wrong that it was "beyond any possibility for fair-minded disagreement." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020).

## A. Specificity of Judgment of Acquittal

Chance contends the State did not present sufficient evidence to support his conviction; specifically, he argues the record contained no evidence that he had put his finger in—as opposed to "on"—the victim's vagina. Under Florida law, sexual battery requires penetration or union with a sexual organ, or penetration by an object. Fla. Stat. § 794.011(1); *Seagrave v. State*, 802 So. 2d 281, 287 n.7 (Fla. 2001). "Union" can be contact, while penetration "requires some entry into the relevant [body] part, however slight." *Seagrave*, 802 So. 2d at 287 n.7.

A Florida trial court may enter a judgment of acquittal upon motion by a party if the evidence is insufficient to warrant a conviction. Fla. R. Crim. P. 3.380(a). The trial court should not grant the motion unless the evidence is such that the jury could not have lawfully come to its verdict. *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974).

The Florida post-conviction court did not unreasonably apply clearly established federal law. *See* 28 U.S.C. § 2254(d). It

explained the trial court would not have sustained a more detailed motion for judgment of acquittal, as there was sufficient evidence to present a question to the jury under Florida law. Chance cannot show this determination was beyond any possibility for fair-minded disagreement. *See Shinn*, 141 S. Ct. at 523. The victim made several statements that could result in an inference that Chance penetrated the victim's vagina—she said yes when asked if she had been touched "in" her vagina, and said yes on cross-examination when asked if she was testifying that Chance had touched her "in" her vagina. *See Seagrave*, 802 So. 2d at 287 n.7. And even if Chance were correct in arguing that this was an incorrect construction of Florida law, this Court could not grant his habeas petition on that ground. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (stating a prisoner may not obtain federal habeas relief purely as a result of an error of state law). The district court did not err in denying Chance's petition on this ground.

### B. Closing Argument

Chance contends the prosecutor went beyond the evidence at closing argument by stating Chance's fingers penetrated the victim's vagina. Under Florida law, proper closing arguments review the evidence and explain the reasonable inferences that could be drawn from it. *Gonzalez v. State*, 990 So. 2d 1017, 1028-29 (Fla. 2008).

The Florida post-conviction court similarly did not unreasonably apply clearly established federal law when rejecting Chance's claim that his trial counsel should have argued that the

state's closing argument impermissibly went beyond the evidence, as the evidence presented could reasonably lead to an inference of digital penetration. *See* 28 U.S.C. § 2254(d); *Gonzalez*, 990 So. 2d at 1028-29. Its determination is not beyond the possibility for fair-minded disagreement, so the district court did not err by denying Chance's petition on this ground. *See Shinn*, 141 S. Ct. at 523.

## C. New Trial

Chance contends his trial counsel should have moved for a new trial, based on the same theory of lack of evidence of digital penetration. A Florida criminal court grants a new trial if "the verdict is contrary to law or the weight of the evidence." Fla. R. Crim. P. 3.600(a)(2).

The Florida post-conviction court did not unreasonably apply clearly established federal law when rejecting Chance's claim that his counsel should have moved for a new trial. *See* 28 U.S.C. § 2254(d). It found that such a motion would have been futile under Florida law, and that Chance's counsel could not have violated *Strickland* by failing to file a futile motion. Chance's counsel had already filed two unsuccessful motions for judgment of acquittal and the evidence presented at trial supported his conviction. He has not shown that no competent counsel would have failed to move for a new trial or that not doing so resulted in prejudice. *See Strickland*, 466 U.S. at 687; *Pinkney*, 876 F.3d at 1295. Accordingly, we affirm as to this issue.

### D.  Appellate Counsel

Lastly, Chance asserts his appellate counsel should have argued on direct appeal that his trial had fundamental error.  The same *Strickland* standard of review applies to claims of ineffective appellate assistance as to trial assistance.  *Tuomi v. Sec'y, Fla. Dep't of Corr.*, 980 F.3d 787, 795 (11th Cir. 2020).  Under Florida law, fundamental error requires error that reaches down into the validity of the trial itself, such that a verdict of guilty could not have been obtained without the alleged error.  *Kilgore v. State*, 688 So. 2d 895, 898 (Fla. 1996).

The Florida post-conviction court did not unreasonably apply clearly established federal law when rejecting Chance's claim that his appellate counsel should have argued that his trial had fundamental error.  *See* 28 U.S.C. § 2254(d).  Its decision implicitly determined that Chance's trial did not have fundamental error under Florida law.  *See Harrington v. Richter*, 562 U.S. 86, 98-99 (2011) (explaining when a state post-conviction court denies a habeas petition without opinion and there is no lower court state opinion to look through to, the federal habeas court must determine what arguments or theories could have supported the state court's decision).  Chance has not shown his trial had fundamental error, because the evidence presented by the state at trial supported his conviction.  *See Kilgore*, 688 So. 2d at 898.

## II.  CONCLUSION

The evidence was sufficient for the jury to conclude Chance penetrated the victim's vagina with his finger.  As a result, the trial

court would not have sustained a more detailed motion for judgment of acquittal, the state's closing argument's references to digital penetration did not go beyond the evidence, Chance has not shown that no competent lawyer would have failed to move for a new trial, and his trial did not have fundamental error. Therefore, we affirm.

**AFFIRMED.**