768 So.2d 1121 (2000)
Steven SEAGRAVE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1092.
District Court of Appeal of Florida, First District.
August 16, 2000.
Rehearing Denied October 18, 2000.
*1122 Nancy A. Daniels, Public Defender, Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Karla D. Ellis, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Steven Seagrave, raises two issues in his appeal from a conviction for lewd and lascivious assault on a child under the age of 16 years: (1) that the trial court erred in admitting a witness's testimony repeating the victim's account of the offense under the "first-complaint" exception to the hearsay rule,[1] and (2) in scoring 40 points for sexual contact. We affirm as to both issues.
The fondling incident occurred during the early morning hours of April 22, 1998, but the 12-year-old victim did not report the event to the testifying witness until approximately ten hours later, although she had several opportunities to relay the information earlier to others. Under the circumstances, we agree that the first-complaint exception is inapplicable, but, as later explained, the lower court's error in admitting the testimony was harmless.
The first-complaint exception is explained by Professor Ehrhardt in the following terms:
Florida courts also recognize a "common law first complaint theory" under which the fact that a victim of a sexual battery sought the first opportunity to complain is admissible to rebut any inference of consent that might be drawn from the silence of the victim. Under this theory, the details of the victim's statement are not admissible, only the fact that the statement was made. When the statement is being offered for this purpose, it is not being offered to prove the truth of the matter, but simply that it was made. Therefore, it is not hearsay.
Charles W. Ehrhardt, Florida Evidence § 803.1 & n. 5, at 688 (2000 ed.) (footnote omitted). Assuming, without deciding, that the first-complaint exception applies outside sexual battery cases,[2] we agree that the trial court erred in permitting the challenged witness's testimony under circumstances, as here, when the victim delayed for a substantial amount of time in reporting the incident. See Turtle v. State, 600 So.2d 1214 (Fla. 1st DCA 1992).
Nevertheless, we conclude that the error is harmless beyond a reasonable doubt under State v. DiGuilio, 491 So.2d 1129 (Fla.1986), in light of the fact that the victim's mother testified regarding the daughter's statement during redirect examination without objection, and the victim herself recounted the incident during her testimony. See McDonald v. State, 578 So.2d 371 (Fla. 1st DCA 1991) (admission of police officer's testimony under first-complaint theory was harmless error).
Appellant also contends the trial court erred in assessing 40 points for sexual *1123 contact on the sentencing guidelines scoresheet, because the act of fondling the victim's buttocks does not qualify as sexual contact within the meaning of section 921.0011(7), Florida Statutes (1997), and Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998). As to this issue, we adopt the rationale of the Fifth District Court of Appeal in Kitts v. State, 766 So.2d 1067 (Fla. 5th DCA 2000) (on reh'g en banc), wherein the court held that fondling a child's breasts qualified as sexual contact; therefore, the scoring of 40 points was proper. In so deciding, the court expressly receded from its prior decision in Reyes to the extent that it held the contrary.
Although we affirm the lower court's assessment of 40 points for sexual contact, we are not unimpressed with Judge Peterson's dissenting arguments in Kitts, which noted particularly that the legislature has not defined "sexual contact" for guideline scoring purposes, and that if a penal statute is susceptible to different interpretations, it should be construed in the defendant's favor. We are also aware of the supreme court's strict construction of victim injury points in Karchesky v. State, 591 So.2d 930 (Fla.1992). But see Altman v. State, 756 So.2d 148, 149 (Fla. 4th DCA 2000) (noting that prior case law permitted points for sexual contact to be assessed more broadly than Reyes). Because of our uncertainty as to the proper construction that should be placed on section 921.0011(7), we certify the following question to the Florida Supreme Court as one of great public importance:
MAY 40 POINTS BE ADDED TO A SENTENCING GUIDELINE SCORESHEET UNDER SECTION 921.0011(7), FLORIDA STATUTES (1997), BASED ON A DEFENDANT'S ACT OF FONDLING THE VICTIM'S BUTTOCKS, OR IS "SEXUAL CONTACT" LIMITED TO ACTS ENCOMPASSED WITHIN THE SEXUAL BATTERY STATUTE, AS WAS DECIDED IN REYES v. STATE, 709 So.2d 111[181] (FLA. 5TH DCA 1998), receded from in KITTS v. STATE, 766 So.2d 1067 (Fla. 5TH DCA 2000) (ON REH'G EN BANC)?
AFFIRMED.
ERVIN, LAWRENCE and BROWNING, JJ., CONCUR.
NOTES
[1] The issue, as stated by appellant, also referred to the "excited-utterance" exception to the hearsay rule, but since no argument was specifically addressed to that exception, we consider it waived.
[2] Neither party at the trial level or on appeal has questioned the applicability of the first-complaint hearsay exception in a lewd and lascivious assault case involving a child under the age of 16. Yet we note that the exception is rooted in sexual battery cases to rebut the defense of consent. See, e.g., Ellis v. State, 25 Fla. 702, 6 So. 768 (1889); Irvin v. State, 66 So.2d 288 (Fla.1953); Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994); Turtle v. State, 600 So.2d 1214 (Fla. 1st DCA 1992); McDonald v. State, 578 So.2d 371 (Fla. 1st DCA 1991); Burgess v. State, 644 So.2d 589 (Fla. 4th DCA 1994); Preston v. State, 470 So.2d 836 (Fla. 2d DCA 1985); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982) Consent is a statutorily precluded defense under section 800.04, Florida Statutes (1997), in cases of lewd and lascivious assault of a child; consequently, we question application of the exception in such cases. Nevertheless, we decline to reach that issue, as it was not raised by the parties.