790 So.2d 1114 (2001)
Luis BORJAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-748.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
Luis Borjas, Century, pro se.
No appearance required for appellee.
KLEIN, J.
We affirm the trial court's assessment of victim injury points on appellant's sentencing guidelines scoresheet for sexual contact which involved the intentional fondling of the child victim's breasts which were charged in count I. We reverse the victim injury points assessed for fondling her buttocks which were separately charged in count II, and certify direct conflict with Seagrave v. State, 768 So.2d 1121 (Fla. 1st DCA 2000), in which the first district held that sexual contact included fondling buttocks.
Guideline sentencing points for victim injury are assessed for offenses "involving sexual contact that does not include sexual penetration." § 921.0011(7)(b)2, Florida Statutes (1995). Sexual contact is not defined in the statute.
In Kitts v. State, 766 So.2d 1067 (Fla. 5th DCA 2000), the fifth district, en banc, held that the fondling of breasts would *1115 constitute "sexual contact." In doing so, it relied on definitions of sexual abuse of children contained in Chapter 39, and sexual misconduct contained in Chapter 985. It also relied on cases from other jurisdictions, although it appears that in most of those cases the statute being applied contained the definition which included breasts. Judge Peterson dissented in Kitts because of our lenity statute, which requires that language in a penal statute susceptible of different constructions be construed most favorably to the accused. § 775.021(1).
Lenity is founded on the due process requirement that criminal statutes must apprise ordinary persons of common intelligence as to what is prohibited. Perkins v. State, 576 So.2d 1310, 1312-13 (Fla. 1991). Lenity applies "not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." Carawan v. State, 515 So.2d 161, 165 (Fla.1987), quoting Albernaz v. United States, 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981).
Although we agree with Kitts that fondling breasts can constitute sexual contact, we do so because an ordinary person of common intelligence would know that the fondling of the female victim's breasts in this case would constitute sexual contact. We do not, however, agree that an ordinary person of common intelligence would understand that fondling buttocks is sexual contact where there is no definition of sexual contact in the statute. Construing the statute most favorably to the accused, as lenity requires, we reverse the victim injury points assessed for fondling the victim's buttocks.
WARNER, C.J., concurs.
STEVENSON, J., dissents with opinion.
STEVENSON, J., dissenting.
I agree completely with Judge Peterson's dissent in Kitts v. State, 766 So.2d 1067 (Fla. 5th DCA 2000)(on reh'g en banc), and would reverse all of the victim injury points at issue in this case. As Judge Peterson remarked in Kitts:
[Since] the legislature has not expressly defined the phrase [sexual contact], any uncertainty resulting from the legislature's vagueness should accrue to the benefit of the defendant, not the state. § 775.021(1), Fla. Stat. (1999) ("When... language is susceptible of differing constructions, it shall be construed most favorably to the accused."); Scates v. State, 603 So.2d 504 (Fla.1992); Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994).
. . . .
We must await future cases in order to determine how far the majority will go in expanding its definition of sexual contact to other parts of the body.
766 So.2d at 1069-70.
Accordingly, I dissent from the majority decision.