808 So.2d 231 (2001)
Anthony CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1527.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

ON REHEARING
POLEN, C.J.
On Clark's motion, we grant rehearing, withdraw our original opinion, and substitute the following:
Clark appeals after the trial court denied his motion to correct his sentence. The basis of his motion was that the court incorrectly scored victim injury points for sexual contact when the only contact involved his touching of the victim's buttocks. In Borjas v. State, 790 So.2d 1114 (Fla. 4th DCA 2001), this court held that fondling a victim's buttocks was not "sexual contact" within the meaning of section 921.001(7)(b)(2). Thus, under Borjas, we must reverse. As we did in Borjas, we also certify direct conflict with Seagrave v. State, 768 So.2d 1121 (Fla. 1st DCA 2000), in which the first district held that sexual contact included fondling the buttocks.[1]
REVERSED and REMANDED.
STONE and GROSS, JJ., concur.
NOTES
[1] Seagrave was affirmed by the supreme court. Seagrave v. State, 802 So.2d 281, (Fla. July 12, 2001). However, the supreme court's opinion dealt solely with the broader issue concerning whether "sexual contact" is limited to sexual union in order to allow the assessment of victim injury points. It expressly declined to address whether "sexual contact" includes the fondling of a victim's buttocks. For this reason, Borjas remains in direct conflict with the first district's opinion.