PER CURIAM.
David Fretwell (“Fretwell”) was convicted by a jury of lewd and lascivious molestation of a person under twelve by a person over eighteen. He was sentenced to fifteen years of imprisonment to be followed by fifteen years of sex offender probation. Fretwell does not challenge his conviction, but appeals his sentence because it was based on a scoresheet he believes erroneously included forty points for sexual contact.
The eleven-year-old victim was browsing in the CD department of a K-Mart store when Fretwell approached her and brushed against her clothed buttocks. The victim moved away from Fretwell, and he followed and touched her buttocks with his hand. The victim moved away yet again, and Fretwell followed yet again, rubbing his hand against her buttocks and saying, “Hey, baby, what’s up?” At that point, the young victim ran crying to her mother in the toy department, and Fret-well ran from the store before pursuers could detain him. He was eventually iden *293 tified by a number of witnesses and a warrant was issued for his arrest.
During sentencing for the molestation conviction, forty points were assessed on the guidelines scoresheet for sexual contact for touching the victim’s clothed buttocks. Fretwell objected to the assessment of these points, and the trial judge overruled the objection. Fretwell contends that the inclusion of the points was error under existing case precedent.
Florida Statutes section 921.0021(7) (2002) permits assessing sentence points for victim injury for incidences of sexual contact. However, the statute does not define sexual contact. In the absence of a definition, other sources of law, including statutes and cases, must be considered to determine the intended nature of sexual contact. See Foley v. State ex rel. Gordon, 50 So.2d 179, 184 (Fla.1951).
Fretwell asserts that case law establishes that sexual contact does not include the touching of a victim’s buttocks. Indeed, this court has twice determined that touching the buttocks does not constitute sexual contact, in the cases of Borjas v. State, 790 So.2d 1114 (Fla. 4th DCA 2001) and Clark v. State, 808 So.2d 231 (Fla. 4th DCA 2001). However, there is also one exception to be found in the case law, the First District case of Seagrave v. State, 768 So.2d 1121 (Fla. 1st DCA 2000). The First District affirmed the assessment of victim injury points for rubbing the buttocks of a twelve-year-old girl. Id. at 1122-23. The First District certified a question on the buttocks issue within the broader framework of whether sexual contact points could be assessed only in cases constituting sexual battery. Id. at 1123. The Florida Supreme Court declined to address the buttocks issue standing alone because sexual contact points had also been assessed for penis touching in the case, and affirmed on the broad grounds presented, determining that sexual contact is not limited to sexual union or battery. Seagrave v. State, 802 So.2d 281, 282-83 (Fla.2001).
The State asserts that other statutes clearly indicate a legislative intention to define sexual contact to include touching the buttocks. For example, the statute under which Fretwell was convicted, provides:
A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them ... commits lewd or lascivious molestation.
§ 800.04(5)(a), Fla. Stat. (2002). The terms lewd and lascivious are indicative of sexual conduct, and are “synonyms that connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.” Chesebrough v. State, 255 So.2d 675, 677 (Fla.1971) (citing Boles v. State, 158 Fla. 220, 27 So.2d 293, 294 (1946)).
We agree with the State’s contention; therefore, if touching the clothed buttocks of a child is lewd behavior, it is by definition, sexual behavior, and as such, can constitute sexual contact for the purpose of assessing victim injury points.
The law that controlled the decision in Borjas pre-dated a 1999 statutory change to section 800.04, which for the first time defined in detail the forms of touching proscribed as molestation under the statute. § 800.04, Fla. Stat. (2000). In light of the more specific definition in the present statute, sexual contact in Fretwell’s case does include touching the victim’s buttocks. Based on these now changed circumstances, Borjas and Clark are distinguishable.
In sum, it was not error for the trial judge to assess forty points for sexual *294 contact for touching the victim’s clothed buttocks. Therefore, Fretwell’s sentence is affirmed.
AFFIRMED.
GUNTHER, POLEN and TAYLOR, JJ., concur.