929 So.2d 710 (2006)
James DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0147.
District Court of Appeal of Florida, First District.
May 25, 2006.
*711 Robert Augustus Harper and Robert Augustus Harper, III, of Harper & Harper Law Firm, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant seeks review of his convictions and sentences in circuit court case number 02-0759. For the reasons stated below, we affirm the convictions, reverse the sentences, and remand for resentencing.
Appellant was charged in Gadsden County, in circuit court case number 02-0759, with six counts of sexual crimes against his niece. Count I charged sexual battery by a person in familial or custodial authority by "penetration or union," occurring between March 5, 1998, and August 26, 2002. Count II charged sexual battery by a person in familial or custodial authority by penetration, occurring between March 5, 1998, and August 26, 2002. Count III charged lewd and lascivious molestation, described as touching of "the breasts, genitals, genital area, or buttocks, or the clothing covering them," between March 5, 1997, and March 5, 1998. Count IV alleged the same conduct as Count III, but between March 5, 1998, and March 5, 2002. Count V charged lewd and lascivious exhibition between March 5, 1997, and March 5, 2002. Count VI charged the showing of obscene material to a minor during the year 2001.
*712 Before trial, the State filed a notice of other acts evidence based on two other charges of sexual battery against the same victim between March 5, 1998, and August 26, 2002, pending in Leon County. After trial, the jury found Appellant guilty of all six Gadsden County counts as charged.
At the sentencing hearing, Appellant entered a negotiated plea to the Leon County charges. The trial court then sentenced Appellant on those counts in accordance with the plea agreement. Immediately thereafter, the trial judge said, "[n]ow, you are here on Gadsden County case number [02-0759]," and heard evidence in mitigation. Next, the State presented a single sentencing guidelines scoresheet with all eight of Appellant's convictions listed as primary or additional offenses. Thereafter, the trial court sentenced Appellant to 30 years of incarceration on Counts I-III, 15 years of incarceration on Counts IV & V, and five years of incarceration on Count VI, all terms concurrent with one another and with sentences imposed in the Leon County case. Appellant appeals and makes six arguments for reversal.
First, Appellant argues that the State's motion in limine should have been denied. This argument was not preserved for review because Appellant did not proffer the evidence he would have introduced. See, e.g., Trease v. State, 768 So.2d 1050, 1054 (Fla.2000).
Second and third, Appellant argues that the two Leon County crimes should have been scored on a separate scoresheet, and that Gadsden County counts III & V should have been scored on another separate scoresheet. Appellant is half right. The Leon County crimes were properly scored on a 1995 sentencing guidelines scoresheet, together with Gadsden County counts I, II, IV, & VI, because the rules of criminal procedure provide that "one scoresheet shall be prepared for all offenses committed under any single version or revision of the guidelines, pending before the court for sentencing." Fla. R.Crim. P. 3.703(d)(2).
In contrast, Gadsden County counts III & V should have been scored on a 1994 sentencing guidelines scoresheet, as the State has correctly conceded. Continuing offenses are sentenced under the guidelines in effect on the first date of the offenses. See § 921.001(4)(b)3., Fla. Stat. (1997); Fla. R.Crim. P. 3.703(d)(5). The first date of Appellant's continuing offenses in Counts III & V was during the "Heggs window," a time when the applicable sentencing guidelines were unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000); Trapp v. State, 760 So.2d 924 (Fla.2000). Appellant was adversely affected by imposition of the unconstitutional guidelines because he could not have received the same sentence under the 1994 guidelines without a departure. See Heggs, 759 So.2d at 627. The remedy is resentencing under the 1994 guidelines. See id. at 630-31. Moreover, because Appellant's eight felonies were committed under more than one version of the guidelines, he must be resentenced with two separate scoresheets, Counts III & V on the scoresheet effective January 1, 1994, and the other six counts on the scoresheet effective for offenses committed on or after October 1, 1995. See § 921.001(4)(b)4., Fla. Stat. (1997); Fla. R.Crim. P. 3.703(d)(3), 3.990, & 3.991; Dillard v. State, 728 So.2d 725 (Fla.1999). Counts III & V may be entered on the 1995 scoresheet as "prior record." See id. at 726 n. 5.
Fourth, Appellant argues that his Count III should have been scored as a level seven offense; the State correctly concedes the point, which requires resentencing on such count. See §§ 800.04 & 921.0012, Fla. Stat. (1997).
*713 Fifth, Appellant argues that victim injury points should have been assessed only once because there was only one victim. This argument has no merit because a trial court is required to assess these points for each injury, even when the same victim is involved. See Jupiter v. State, 833 So.2d 169 (Fla. 1st DCA 2002); State v. Williams, 854 So.2d 215 (Fla. 1st DCA 2003).
Sixth, Appellant raises two related claims under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Apprendi states that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348. Applying Apprendi to the instant case, Appellant first argues that the trial court erred in assessing points for penetration on Count I because he was charged in the alternative with penetration or union and the jury did not specify either penetration or union in its verdict. Appellant is correct that he should have received only 40 victim injury points for Count I, for sex contact, rather than 80, for penetration. See Behl v. State, 898 So.2d 217 (Fla. 2d DCA 2005). However, there is no Apprendi violation here because, as the record indicates, the 40 additional victim injury points did not cause Appellant's sentence on Count I to exceed the prescribed statutory maximum as calculated under a corrected scoresheet. See Blakely v. Washington, 542 U.S. 296, 303-04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Isaac v. State, 911 So.2d 813, 815 (Fla. 1st DCA 2005).
Finally, Appellant argues that he should not receive any points for sexual contact because, in both Counts III & IV, he was charged in the alternative with touching either the victim's "breasts, genitals, genital area, or buttocks," but the jury did not specify what he had touched, and the touching of a child's buttocks does not necessarily constitute sexual contact, as held in Borjas v. State, 790 So.2d 1114 (Fla. 4th DCA 2001). However, this Court has defined sexual contact to include the touching of a child's buttocks. See Seagrave v. State, 768 So.2d 1121 (Fla. 1st DCA 2000). In any event, Appellant is correct that the victim injury points for Count III should total only 18 points rather than 40, because, as discussed above, Count III must be scored under the 1994 sentencing guidelines.
Accordingly, we AFFIRM the convictions, REVERSE the sentences, and REMAND for resentencing.
WEBSTER and POLSTON, JJ., concur.