PER CURIAM.
Affirmed. See § 924.051(4), Fla. Stat. (2003) (“If a defendant pleads nolo conten-dere without expressly reserving the right to appeal a legally dispositive issue, ... the defendant may not appeal the judgment or sentence.”); § 924.06(3), Fla. Stat. (2003) (same). See also Williams v. State, 919 So.2d 645, 646 (Fla. 4th DCA 2006) (“Where the coercion alleged is legally insufficient or conclusively refuted by the record, there is no need to hold an evidentiary hearing or appoint conflict-free counsel.”). See also Blakely v. Washington, 542 U.S. 296, 301, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (reaffirming the exception for “the fact of a prior conviction,” and defining “ ‘statutory maximum’ for Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] purposes [a]s the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant”) (emphasis omitted); Daniels v. State, 929 So.2d 710, 31 Fla. L. Weekly D1460, D1461 (Fla. 1st DCA May 25, 2006) (“[T]here is no Apprendi violation [where], as the record indicates, the ... additional [scoresheet] points did not cause Appellant’s sentence ... to exceed the prescribed statutory maximum.”).
ERVIN, BENTON, and BROWNING, JJ., concur.