516 So.2d 330 (1987)
Bill MACKEY, Appellant,
v.
STATE of Florida, Appellee.
No. BP-188.
District Court of Appeal of Florida, First District.
December 9, 1987.
James J. Egan, Law Office of James J. Egan, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Bill Mackey appeals the final judgment and sentence for his conviction of lewd and lascivious assault upon a child less than 16 years of age. He argues that the trial court erred in assessing 20 points for victim injury on the scoresheet in the absence of the victim having suffered physical trauma. We disagree and affirm.
The information charging appellant alleged that on or about May 17 through May 19, 1985, appellant unlawfully handled, fondled or made an assault upon a 13 year old child, in a lewd and lascivious or indecent manner ... by touching the victim about the crotch, contrary to section 800.04, Florida Statutes. Appellant pled nolo contendere to the charge on July 17, 1986. The state attorney prepared the scoresheet which assessed 20 points for victim injury, contact but no penetration. Appellant was sentenced to 24 months of community control which was the agreed sentence pursuant to his plea bargain. Mackey is appealing the scoring of this 20 points for victim injury.
The addition of the 20 points for victim injury raises the sentence from the nonstate prison sanction it would have been had no injury been scored. Appellant seeks to have his sentencing score recalculated now but, he did agree to the 24 months of community control instead of a possible jail sentence, in exchange for a plea of nolo contendere. Further, the guideline sentence for the score of 178 which includes victim injury has a maximum of 30 months community control, six more than appellant actually received. In Worling v. State, 484 So.2d 94 (Fla. 5th *331 DCA 1986), where Worling was charged in the information with lewd and lascivious assault worded identically to the charge against appellant here, the court found that section 800.04 Florida Statutes is worded in the disjunctive such that it can encompass acts involving victim contact and those without victim contact. The court found that because Worling, like appellant here, had touched the victim as charged in the information, the trial court did not err by adding twenty points to his guidelines scoresheet. Also, although Barrentine v. State, 504 So.2d 533 (Fla. 1st DCA 1987), is distinguished by the violence of the assault, therein Barrentine was convicted of lewd and lascivious assault upon a child and was scored the same 20 points as appellant here for victim injury. This court concluded that where the offense of lewd and lascivious assault involves victim contact, that fact may be scored on the guidelines scoresheet. Id. at 534.
Appellant refers us to the Note to Rule 3.701(d)(7) Florida Rules Criminal Procedure, which provides that "[V]ictim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma". If that comment controlled the situation, there would probably be no victim injury here because there was no apparent physical trauma in this case. However, the scoresheet for category 2, sexual offenses, provides only four choices for scoring victim injury and the only one applicable to these facts is "contact but no penetration," a total of 20 points. We find that here, as in Barrentine, the trial court correctly applied the rules to the scoresheet as designed. If that application is in error then it appears that the scoresheet needs to be amended. Until such an amendment is made, we find that Barrentine controls and therefore we affirm appellant's conviction and sentence.
SMITH, C.J., and WENTWORTH, J., concur.