764 So.2d 930 (2000)
Milvoixjm LOUIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-1372.
District Court of Appeal of Florida, Fourth District.
August 23, 2000.
*931 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
In sentencing appellant for attempted sexual battery and false imprisonment, the trial court added forty points to appellant's guideline scoresheet for victim injury in the form of sexual contact, where the only evidence of such contact was the victim's statement that she was undressed by one of the perpetrators and touched "over my chest, through my shirt, on my stomach, on my genital area." We conclude that this touching constituted sexual contact and thus victim injury under the relevant statutes and guidelines.
Section 921.0011(7)(b)2., Florida Statutes (1997), and Florida Rule of Criminal Procedure 3.702(d)(5) both provide that "victim injury" is scored in the guidelines when sexual contact is proven. "If an offense pending before the court for sentencing involves sexual contact, but no penetration, victim injury shall be scored." Fla. R.Crim. P. 3.702(d)(5). Sexual contact is not specifically defined; however, in Kitts v. State, 766 So.2d 1067 (Fla. 5th DCA 2000), the court held that kissing and fondling of a child's breast constitutes sexual contact for the purpose of scoring victim injury. In determining what sexual contact encompasses, the court looked at other legislative pronouncements:
[f]or instance section 39.01(63)(d), Florida Statutes (1997) governs child welfare proceedings and defines "sexual abuse of a child," in relevant part, as follows: "The intentional touching of the genitals or intimate parts, including the breasts, genital area, groin, inner thighs, and buttocks, or the clothing covering them, of either the child or the perpetrator." (Emphasis added). Similarly, section 985.4045, Florida Statutes (1997) defines "sexual misconduct" as "fondling the genital area, groin, inner thighs, buttocks, or breasts of a person."
Id. at 1068 (italicized emphasis in original; underlined emphasis added). In holding that sexual contact was proven, the fifth district receded from its earlier case of Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998), which held that, for the purpose of assessing victim injury points, sexual *932 contact required "the union of the sexual organ of one person with the oral, anal, or vaginal opening of another."
We noted in Altman v. State, 756 So.2d 148, 149-50 (Fla. 4th DCA 2000), cause dismissed, No. SC00-1418, 767 So.2d 453 (Fla. Jul.12, 2000), that Reyes was far more restrictive than prior case law. See, e.g., Mackey v. State, 516 So.2d 330 (Fla. 1st DCA 1987)(points properly assessed for contact where defendant fondled a 13-year-old child by touching victim above crotch); Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987)(points properly assessed for sexual contact where defendant opened victim's legs and started to pull down her bathing suit and shorts). We conclude that sexual contact for victim injury points includes the intentional touching of the genitals and the touching of the victim's chest, to which she testified. Thus, we affirm the trial court's assessment of victim injury points for sexual contact as being consistent with the guidelines and statute.
The appellant also makes several claims as to trial errors, all of which we reject, but write to address two of them. He first claims that the court erred in denying his motion for judgment of acquittal on the grounds that the state failed to introduce evidence of attempted sexual battery by digital penetration, as charged in the information. We conclude that the evidence, including the victim's testimony related above, supports the trial court's denial. See Gudinas v. State, 693 So.2d 953, 962-63 (Fla.), cert. denied, 522 U.S. 936, 118 S.Ct. 345, 139 L.Ed.2d 267 (1997); Geldreich v. State, 763 So.2d 1114 (Fla. 4th DCA 1999), rev. denied by, No. SC00-476, 767 So.2d 456 (Fla. Jul.6, 2000).
Appellant also contends that the trial court erred in denying a motion for mistrial when the prosecutor told the jury in opening statement that a non-testifying co-defendant had pled guilty. The trial court threatened a mistrial unless the state called the defendant as a witness. The state agreed, as long as it could treat the co-defendant as a hostile witness, because the witness had changed his testimony since his first statement to the police. The state sought to impeach the witness with a prior confession. Defense counsel objected that proper impeachment required that the witness only be asked whether he had a prior felony conviction, not whether he had pled guilty in this case. The state told the court that it would question the co-defendant on other matters which he had not recanted. The trial court allowed the state to call the co-defendant as a hostile witness.
When the co-defendant actually testified, defense counsel did not object to the testimony on the specific ground that it was error for the trial court to allow the co-defendant to testify where the primary purpose of calling him was to impeach his prior testimony. At the time of the testimony, defense counsel stated that he objected to the manner in which the prior inconsistent statements were brought out, not that the state was improperly impeaching the witness. We thus conclude that the error complained of was not preserved by an objection on the same ground as argued in this appeal.
By supplemental briefing, appellant also challenges his sentence under Heggs v. State, 759 So.2d 620 (Fla.2000). Appellant falls within this window period for the constitutional challenge under Heggs. See Trapp v. State, 760 So.2d 924, 928 (Fla. 2000). We remand for resentencing, directing the court to recalculate appellant's scoresheet under the 1994 sentencing guidelines and, if appellant's current sentence is in excess of those guidelines, to resentence appellant within the 1994 guidelines.
We have examined the remaining claims of error and find them without merit.
Affirmed in part; remanded as to sentence.
KLEIN and TAYLOR, JJ., concur.