786 So.2d 27 (2001)
Walter William FREDETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1801.
District Court of Appeal of Florida, Fifth District.
April 27, 2001.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Walter William Fredette appeals his sentence. contending the court erred in assessing victim injury points against him. We affirm.
Fredette was charged by information with committing a lewd act upon a child[1]. Fredette was adjudged guilty by a jury, convicted and sentenced to 51 months in prison, to be followed by ten months of probation with sex offender conditions. In calculating his scoresheet, Fredette was assigned 40 points for victim injury"sex contact." He objected below to that assessment.
On appeal, Fredette submits that his touching the victim's vaginal area is not sexual contact within the meaning of Section 921.0011(7)(b)2., Florida Statutes (1997), thus the forty points should not have been assessed on his scoresheet. The legal question as to whether this conduct was sexual contact for the purposes of scoring is controlled by Kitts v. State, 766 So.2d 1067 (Fla. 5th DCA 2000)(en banc). There, this court held that sexual contact within the meaning of this section included kissing or fondling a woman's breasts, and was not limited to situations involving sexual battery. Id. at 1069. If sexual contact includes fondling a woman's breasts, then it also includes touching a child's vaginal area. State v. Milanes, 762 So.2d 572, 573 (Fla. 5th DCA 2000)("victim injury points *28 can be assessed when the accused is adjudicated guilty of fondling the victim").[2]
AFFIRMED.
THOMPSON, C.J., HARRIS and SAWAYA, JJ., concur.
NOTES
[1] § 800.04(1), Fla. Stat. (1997).
[2] Even if one assumed arguendo that the sexual contact was over her clothes, an argument Fredette makes, that would not change this outcome. See Louis v. State, 764 So.2d 930, 931-32 (Fla. 4th DCA 2000).