852 So.2d 870 (2003)
Thomas ALTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2714.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
Rehearing Denied September 3, 2003.
*871 Eugene S. Garrett, Boca Raton, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant was convicted of committing a lewd act and three lewd and lascivious assaults on a minor child. The main issue in this appeal is whether appellant's acts of kissing and inserting his tongue into the victim's mouth and rubbing his penis against the victim's vagina, while both were clothed, constitute sexual contact justifying victim injury points under section 921.0011(7), Florida Statutes (1995). We hold that they do and affirm appellant's sentence.
The victim was the seven-year-old daughter of a family friend. At trial, the victim testified that appellant took her to his empty home, turned off the lights, closed the shade, and told her to lie on the bed. Appellant then laid on top of her, face to face, and rubbed his penis up and down against her vagina while they were both clothed. As appellant "humped" the girl, he kissed her, thrusting his tongue against hers. She tried to clench her teeth to stop him, but he put his hand on her chin and forced it down. Afterwards, appellant *872 instructed the child not to tell anyone.
The victim testified that on another occasion, when appellant was alone with the child, appellant laid on a bed, unzipped his pants, and removed his penis. At first he told the child to suck his penis; then he changed his mind and kissed the child with his tongue instead. When he finished tongue-kissing her, he told her not to tell anybody about what had happened. At another time, appellant called the child over to him, behind her cousin who was playing video games nearby, and kissed her with his tongue inside her mouth. Again, he told her not to tell anybody.
Appellant was convicted of three counts of lewd assault by kissing and inserting his tongue into the mouth of the victim, in violation of what was then section 800.04(1), Florida Statutes, and one count of lewd act by positioning himself on the body of the victim and touching, rubbing, or moving his body and/or pelvic area against the victim's, in violation of what was then section 800.04(2), Florida Statutes.[1]
At sentencing, the trial court added eighteen victim injury points for sexual contact to appellant's guidelines score sheet on each count, thus increasing appellant's score by seventy-two points. Appellant's judgment and sentence were per curiam affirmed in Altman v. State, 698 So.2d 1232 (Fla. 4th DCA 1997)(Altman I ). Thereafter, appellant filed a motion for postconviction relief, arguing that he should have been sentenced under the guidelines applicable to crimes committed after January 1, 1994. The court granted the motion for re-sentencing under the 1994 guidelines, but ruled that appellant had waived the issue regarding victim injury points by failing to raise it on his first appeal. In Altman v. State, 756 So.2d 148 (Fla. 4th DCA 2000)(Altman II ), we reversed this ruling and held that appellant could raise the issue of victim injury points at re-sentencing. Id. at 150. Without deciding the merits of appellant's argument, we remanded the case for the trial court to consider the evidence and "to determine whether the facts in this case constituted sexual contact which would justify victim injury points under section 921.0011(7), Florida Statutes (1995)." Id. On remand, the trial court reinstated appellant's sentence.[2]
Appellant argues that the trial court erred in assessing victim injury *873 points for sexual contact, pointing out that no Florida appellate court has upheld points for either (1) rubbing one's clothed genitals against another's or (2) kissing and inserting one's tongue into another's mouth. Our research reveals that courts have upheld sexual contact victim injury points in instances where the offender touched clothed sexual parts of the victim. In Fredette v. State, 786 So.2d 27 (Fla. 5th DCA 2001), the fifth district held that sexual contact includes touching a child's vaginal area, and opined that this would constitute sexual contact even if the touching was over the child's clothing. Id. at 28 n. 2. In so holding, the court cited our opinion in Louis v. State, 764 So.2d 930 (Fla. 4th DCA 2000), wherein we held that touching the victim's chest through her shirt, along with touching her stomach and genital area, involved sexual contact for which victim injury points were properly scored. Id. at 931-32; see also Blackburn v. State, 762 So.2d 989, 990 (Fla. 5th DCA 2000)(holding that defendant's act of rubbing his erect penis on the victim's clothed back while in a department store, in violation of section 800.04(1), constituted sexual contact for proper assessment of victim injury points); Mackey v. State, 516 So.2d 330, 330-31 (Fla. 1st DCA 1987)(affirming victim injury points for sexual contact where defendant fondled a thirteen-year old boy by touching him above the crotch). We conclude that appellant's act of lying on top of the victim with his clothed genitals pressed against hers and "humping" her constitutes sexual contact for which victim injury points were appropriately scored.
A more difficult issue is the propriety of assessing sexual contact victim injury points for appellant's conduct in french-kissing the minor victim.[3] The guidelines statute does not define "sexual contact" for purposes of scoring victim injury points. Nor does a definition appear anywhere in Florida case law.
Recently, in Seagrave v. State, 802 So.2d 281 (Fla.2001), the Florida Supreme Court considered circumstances under which victim injury points may be assessed for "sexual contact" under section 921.0011(7). There, the defendant argued that the trial court had improperly assessed victim injury points following his conviction under section 800.04 for fondling a minor victim's buttocks. He contended that victim injury points should not have been assessed because his conduct did not involve a sexual battery, i.e., a union of the sex organ of one person with the oral, anal, or vaginal opening of another. The court pointed out that:
[U]nder the interpretation of "sexual contact" advocated by Seagrave, section 921.0011(7)(b)2. would be inapplicable to defendants convicted under sections 800.04(1) and (2) of the lewd and lascivious conduct statute, because these subsections prohibit a variety of acts that do not necessarily require the union of a sexual organ of one person with the oral, anal or vaginal opening of another.
Id. at 286. The court disagreed with this position, concluding that the phrase "sexual contact" is not limited to criminal offenses involving sexual union, but is more inclusive. Id.
Although the supreme court did not define "sexual contact" or answer the specific question posed by the first district, i.e., whether fondling the buttocks is sexual conduct, it did offer substantial guidance in interpreting the phrase "sexual contact." Seagrave instructed courts to resort to *874 canons of statutory construction to determine its proper meaning. Id. The court explained that a fundamental tenet of statutory construction requires courts to give statutory language its plain and ordinary meaning. Id. Thus, in interpreting the term "sexual contact," courts must examine its most commonly understood meaning. The most common usage of the phrase "sexual contact," according to the court, "encompasses the physical touching of a person's sexual body parts." Id. However, the court discouraged an "unduly restrictive" definition of "sexual contact" that would be "contrary to the plain and commonly understood meaning of the term." Id.
In light of Seagrave's more expansive interpretation of "sexual contact," which takes into account the wide range of activity proscribed by the lewd and lascivious statute, we conclude that appellant's act of french kissing the victim comes within the definition of sexual contact. Section 800.04(1), under which appellant was convicted, prohibits a person from handling, fondling, or assaulting any child under sixteen in a lewd, lascivious, or indecent manner. This subsection is couched in general language and does not restrict criminal activity to touching specific body parts of a child.[4] Rather, the focus appears to be upon acts committed on a child that are sexually motivated.
In Boles v. State, 158 Fla. 220, 27 So.2d 293, 294 (1946), the Florida Supreme Court explained that the terms "lewd," "lascivious," and "indecent" connote a "wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator." A conviction under the lewd assault statute is proper if the evidence reveals "a lustful or sensual purpose" on the part of the defendant in committing the assault. Id. According to Boles, "there must be a definite showing of a lewd or lascivious interest," which may be imputed from the circumstances. Id. In this case the jury found appellant guilty of a lewd assault upon evidence which showed that his act of inserting his tongue into the minor victim's mouth was done solely for sexual gratification. As described above, the first two acts of french-kissing the child were accompanied by other sexual acts. Further, each time appellant french-kissed the victim, he did so in a surreptitious manner and told the victim not to tell anyone. The victim testified that she clenched her teeth together to prevent appellant from forcing his tongue into her mouth. While a person's intent under certain circumstances may be subject to different interpretations, the circumstances in this case do not point to an innocent, non-sexual motive on the part of appellant.
In People v. Calusinski, 314 Ill.App.3d 955, 247 Ill.Dec. 956, 733 N.E.2d 420 (2000), an Illinois appellate court held that the defendant's act of placing his tongue in *875 a six-year-old victim's mouth constituted "sexual conduct" under its sexual abuse statute. According to the statute, "[o]ne commits the offense of criminal sexual abuse if he commits an act of sexual conduct by the use of force or threat of force." Id., 247 Ill.Dec. 956, 733 N.E.2d at 425 (citing 720 Ill. Comp. Stat. 5/12-15(1998)). For purposes of criminal sexual abuse, the statute defined "sexual conduct" as:
any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of... any part of the body of a child under 13 years of age ... for the purpose of sexual gratification or arousal of the victim or the accused.
720 Ill. Comp. Stat. 5/12-12(e).
The court noted that the "defendant's sexual gratification or arousal may be inferred from the evidence." Id. (citing People v. C.H., 237 Ill.App.3d 462, 177 Ill.Dec. 906, 603 N.E.2d 1280 (1992)). It further recognized numerous Illinois cases establishing that, under the appropriate circumstances, kissing can constitute sexual conduct. For example, in People v. Kirilenko, 1 Ill.2d 90, 115 N.E.2d 297 (1953), the Illinois Supreme Court observed that "the bodily contact established by kissing often serves as a preliminary stimulant for arousing or appealing to sexual passions and desires." Id. at 300. Concluding that the defendant's conduct in placing his tongue in the minor girl's mouth constituted "sexual conduct," the court in Calusinski decided that, "[d]espite the defendant's assertions, we cannot ascribe an innocent motive to such conduct.... [A] `french kiss' is an inherently sexual act which generally results in sexual excitement and arousal." Calusinski, 247 Ill.Dec. 956, 733 N.E.2d at 426.
In Altman II, we remanded this case to the trial court to make a factual determination, based on evidence presented at trial or sentencing, regarding the assessment of sexual contact victim injury points. See Altman II, 756 So.2d at 150. After considering the evidence, the trial court determined that appellant's behavior constituted sexual contact. We find no abuse of discretion in its ruling. See Ely v. State, 719 So.2d 11, 13 (Fla. 2d DCA 1998)(stating that the imposition of victim injury points on a sentencing score sheet is within the sound discretion of the trial court).
Considering the "most commonly understood meaning of `sexual contact,' " as Seagrave instructs, we determine that the phrase "sexual contact" encompasses more than the touching or fondling of genitalia. It may include french-kissing a minor child. Significantly, the jury found that appellant's acts of forcing his tongue into the victim's mouth while kissing her constituted a lewd or lascivious assault. Their verdict reflected a common understanding that such intimate oral contact with a child is sexual in nature.
More than thirty years ago, when the Florida Supreme Court upheld the constitutionality of the lewd and lascivious conduct statute against a vagueness challenge, it observed that it would be "difficult or impossible to detail in a statute book all the acts which would constitute lewd and lascivious behavior." Chesebrough v. State, 255 So.2d 675, 678 (Fla.1971)(citing Buchanan v. State, 111 So.2d 51, 57 (Fla. 1st DCA 1959)). The same can be said about listing in the guidelines statute all acts which would qualify as "sexual contact." "Sexual" and "contact" are words of common use. Like "lewd" and "lascivious," their ordinary meaning "indicate with reasonable certainty the character of acts and conduct which the Legislature intended to prohibit and punish, so that a person of ordinary understanding may know what conduct on his part is condemned." Id. at 677. Because we agree that an ordinary person of common intelligence would understand that *876 tongue-kissing a minor child is sexual contact, we find no error in the trial court's assessment of victim injury points.
Appellant also argues that the determination of victim injury sexual contact points should have been submitted to the jury and proven beyond a reasonable doubt, as required by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument fails, however, because appellant's sentence did not exceed the statutory maximum penalty. See Caraballo v. State, 805 So.2d 882 (Fla. 2d DCA 2001)(holding that because the defendant's sentence did not exceed the statutory maximum, the defendant was not entitled to postconviction relief under Apprendi); McCloud v. State, 803 So.2d 821 (Fla. 5th DCA 2001)(holding that the sentencing court's inclusion of victim injury points on defendant's score sheet for sexual penetration did not violate rule of Apprendi because inclusion of these points did not result in a sentence in excess of the statutory maximum penalty for his sexual battery conviction).
For the above reasons, we affirm the sentence imposed by the trial court.
AFFIRMED.
KLEIN and GROSS, JJ., concur.
NOTES
[1] Section 800.04, Florida Statutes, provided in pertinent part:

Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
* * *
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s.775.083, or s.775.084, neither the victim's lack of chastity nor the victim's consent is a defense to the crimes proscribed by this section.
[2] Section 921.0011(7), Florida Statutes (1995), and Florida Rule of Criminal Procedure 3.702(d)(5) specified when victim injury was to be scored for sexual contact under the 1994 sentencing guidelines. For an offense involving sexual contact without sexual penetration, the sexual contact had to be scored as a moderate injury, regardless of whether there was evidence of any physical injury. For a moderate injury, the victim injury score was eighteen points. § 921.0014(1), Fla. Stat. (1995).
[3] Appellant argues that the jury did not find that he "french-kissed" the victim. "French kiss," however, is defined as "a kiss in which the tongue enters the partner's mouth." THE AMERICAN HERITAGE DICTIONARY 533 (2d col. ed.1986).
[4] In 1999, the Legislature amended the lewd and lascivious statute to include a section which delineates the forms and body areas of touching that constitute "lewd or lascivious molestation." Ch. 99-201, § 6, at 1187-88, Laws of Fla.

Now, section 800.04(5) provides, in part:
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to touch the perpetrator, commits lewd or lascivious molestation.
Section 800.04(6), however, continues to describe lewd or lascivious conduct in more general terms. Subsection (a) states:
A person who:
1. Intentionally touches a person under 16 years of age in a lewd or lascivious manner; or
2. Solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct.