POLEN, J.
The pro se appellant challenges the assessment of victim injury points for sexual contact. We affirm.
In February of 2005, appellant pleaded no contest to attempted sexual battery on a child under age twelve by a perpetrator eighteen years of age or older, and to lewd or lascivious molestation (offender over eighteen, victim under twelve). Appellant agreed to the State’s factual basis for the plea, which follows:
[Bjetween the dates of September 1, 1998, and September 30, 1999, in St. Lucie County, Florida, the defendant did actually commit oral sex upon the victim in this case, his biological daughter, who was under the age of 12 and that she performed oral sex upon him during that timeframe. For the purpose of the plea, it — it is to an attempted even though it was a completion, a complete act. As to Count II, between the same dates, ... the State would present evidence that during that timeframe the defendant did intentionally have the victim, his biological daughter under the age of 12 years old, [A.B.], perform masturbation upon him.
(Emphasis added.) The trial court concluded that a factual basis existed, that appellant’s plea was freely and voluntarily entered and that appellant had made a knowing and voluntary waiver of his rights. The trial court adjudicated appellant guilty and sentenced him to twenty-one years in prison, to be followed by fifteen years of sex offender probation. Appellant did not file a direct appeal.
On December 28, 2007, appellant filed a petition for writ of habeas corpus, alleging he was improperly sentenced pursuant to the Criminal Punishment Code because *1071 the CPC became effective one month after the beginning date of appellant’s alleged conduct. The State agreed that appellant should be resentenced on both counts pursuant to the sentencing guidelines.
At the resentencing, appellant’s counsel objected to the inclusion of forty points for sexual contact with regard to appellant’s conviction on Count I, the attempted sexual battery. However, defense counsel stated there was no objection to the inclusion of forty points for the sexual contact alleged for Count II. The trial court overruled appellant’s objection and sentenced him to 17.9 years in prison, followed by fifteen years of sex offender probation.
Thereafter, appellant filed a pro se motion to correct sentencing error pursuant to rule 8.800(b)(2), which the trial court denied.
Presently, appellant argues that the assessment of victim injury points for sexual contact on both counts was improper. As noted by the State, however, appellant failed to preserve his claim with respect to Count II, where he conceded at resentencing that the points were properly added on this count.
Even if appellant’s claim with regard to Count II were properly preserved, his claim that the inclusion of any victim injury points on his scoresheet was improper is without merit. The State’s factual basis, which defense counsel stipulated to, clearly alleges that appellant had sexual contact with the victim — specifically, that appellant, during the dates in question, “did actually commit oral sex upon the victim in this case, ... and that she performed oral sex upon him during that timeframe,” and that “the defendant did intentionally have the victim ... perform masturbation upon him.” Thus, the trial court did not err in imposing forty victim injury points for sexual contact for each count. Our supreme court has held that victim injury points for sexual contact are not limited “to instances where there was a union of the sexual organ of one person with the oral, anal, or vaginal opening of another.” Seagrave v. State, 802 So.2d 281, 291 (Fla.2001); see also, e.g., Beasley v. State, 503 So.2d 1347, 1349 (Fla. 5th DCA 1987) (trial court properly scored victim injury for lewd and lascivious assault count upon a child where defendant opened victim’s legs and started to pull down her bathing suit and shorts); Mackey v. State, 516 So.2d 330, 330 (Fla. 1st DCA 1987) (points properly assessed for sexual contact where defendant “touchfed] the victim about the crotch”).

Affirmed.

WARNER and STEVENSON, JJ., concur.