THOMAS, J.,
concurring in result only.
I concur in result only because, as both parties agree and the trial court initially ruled, the sentence here violates Appellant’s Sixth Amendment right to a jury trial. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 *177 (2004). While fealty to judicial restraint requires courts to avoid constitutional issues if possible, it is not possible here for one simple reason: As the State argues, Appellant did not preserve the non-constitutional ground for reversal, as he did not raise the argument below at the resentencing hearing. See Steinhorst v. State, 412 So.2d 332 (Fla.1982). Section 924.051(1)(b), Florida Statutes, defines the preservation requirement as follows: “ ‘Preserved’ means ... that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefore.” (Emphasis added.) Subsection (3) of this statute clearly prohibits this court from considering an unpreserved error, unless it constitutes fundamental error. The issue relied upon by the majority is obviously not fundamental error, as the majority simply disagrees with the trial court’s evaluation of the evidence of Appellant’s behavior and its likely consequences.
Because the trial court ordered resen-tencing based on Appellant’s rule 3.800(b) motion, a de novo proceeding was conducted. Lebron v. State, 982 So.2d 649, 659 (Fla.2008) (resentencing is a “clean slate” and the State is required to establish facts even if previously established in prior sentencing hearing). Thus, the State properly concedes that the constitutional claim was preserved, although it would not have been preserved had the trial court initially denied relief, as the claim could not be properly raised by a motion filed under rule 3.800. See Jackson v. State, 983 So.2d 562 (Fla.2008).
It is for this very same reason, i.e., that a resentencing hearing is reviewed de novo, that the non-constitutional ground was not preserved — under section 924.051, Florida Statutes, and the contemporaneous objection rule, Appellant had a duty to repeat all sentencing arguments at the resentencing hearing in order to preserve those issues.
At the resentencing hearing, the parties focused almost exclusively on the Sixth Amendment issue, and the defense made only a vague allusion to any complaint regarding the statutory findings related to public safety. In addition, the trial court made it clear the original sentence had been vacated, and then it imposed the same prison sentence. If Appellant wished to preserve his statutory arguments, he was required to repeat his objections, with specificity, at the de novo resentencing hearing. See Brooks v. State, 54 So.3d 1069, 1071 (Fla. 4th DCA 2011) (holding that Appellant failed to preserve alleged error at resentencing); cf. Cromartie v. State, 70 So.3d 559 (Fla.2011) (“[Wjhere there is no contemporaneous objection during sentencing hearing and where the error does not qualify as a ‘sentencing error’ that can be raised in a rule 3.800(b) motion, the error can still be considered ... if the error is fundamental.”) (quoting Jackson v. State, 983 So.2d 562, 574). The Florida Supreme Court has made it clear that the preservation rule even applies in death penalty cases. Baptiste v. State, 995 So.2d 285, 302 (Fla.2008). Furthermore, both parties correctly agree that Appellant is entitled to relief under Blakely, and Appellant did not respond to the State’s correct assertion that he failed to preserve his non-constitutional claim.
Thus, the only ground for reversal is the violation of Appellant’s Sixth Amendment right to have a jury make the necessary findings to justify a sentence in excess of the “statutory maximum.” But because the majority erroneously addresses an un-preserved argument, which is flawed even on the merits, I will address both issues.

*178
I. Statutory Findings

As to the issue of public safety, the trial court found that 1) Appellant has refused to obey Florida’s laws regarding driver’s licenses; 2) Appellant cannot obtain automobile insurance, because he does not possess a driver’s license, and thus, he poses a risk that any victim of his driving will likely have no viable financial recourse against him; 3) Appellant will not voluntarily stop for law enforcement in the future, knowing that he will be subject to prosecution for driving without a license; and thus, 4) a sentence limited to one year of incarceration in a local facility is not sufficient to protect the public. These findings, which are based on facts or reasonably foreseeable consequences, all support the trial court’s ultimate conclusion that a nonstate prison sanction is not sufficient to protect the public. This explains why the State correctly conceded at oral argument that “on these facts,” the prison sentence under section 775.082(10), Florida Statutes, violates the holding of Blakely— not because the judge’s findings are flawed, but because only a jury of Appellant’s peers can make such a finding.

II. Blakely v. Washington Controls

The only error committed by the trial court was its decision reversing itself and denying relief based on Blakely. The trial court’s order on Appellant’s second motion filed under Florida Rule of Criminal Procedure 3.800(b)(2) states that “the statutory scheme utilized to sentence the Defendant appears to be unconstitutional in that it allows a judicial finding that a nonstate prison sanction could present a danger to the public to increase the maximum permissible sentence under the statute.” Yet at its ordered resentencing, the trial court reversed its position and imposed the sentence at issue here.
As initially recognized by the trial court, under Blakely, the “statutory maximum” term is any nonstate prison sanction. Appellant was sentenced to state prison, thus, by definition, his sentence exceeds the statutory maximum term. This is necessarily true, because nothing inherent in the jury verdict establishes the “fact” that a nonstate prison sanction is insufficient to protect the public. While the trial court could logically reach such a conclusion, under Blakely, only a jury can make that decision beyond and to the exclusion of a reasonable doubt.
Thus, without a jury finding, a trial court cannot impose a “dispositional departure,” i.e., incarceration rather than probation, because that would exceed the statutory maximum by increasing the quantum of punishment even though the length of the sentence might be no different. In other words, five years of probation is most certainly not equal to five years of state prison: the latter is qualitatively, albeit not quantitatively, more severe. Accordingly, a “dispositional departure” is just as invalid for Sixth Amendment analysis as a “durational departure.”
At least one other state supreme court has agreed based on a similar sentencing law. State v. Allen, 706 N.W.2d 40 (Minn.2005), cert. denied, 547 U.S. 1106, 126 S.Ct. 1884, 164 L.Ed.2d 583 (2006). In Allen, the Minnesota Supreme Court properly recognized that a statute which created a presumptively probationary sentence had established that sentence as a “statutory maximum” term for Sixth Amendment purposes under Blakely; accordingly, a prison sentence under this statutory scheme violated Blakely, because the punishment was greater than probation, even though the length of the sentence might be the same: “The additional loss of liberty that results from [a prison sentence as compared to probation], it is plain, exceeds the maximum sentence authorized by a plea of guilty or jury verdict, and *179 violates the constitutional rule.” 706 N.W.2d at 46 (emphasis added).
The United States Supreme Court has declared that the “statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict, or admitted by the defendant.” Blakely, 542 U.S. at 803, 124 S.Ct. 2531 (emphasis in original). This principle is drawn from the Supreme Court’s previous ruling in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” In Blakely, the Supreme Court simply clarified Apprendi by further defining “statutory maximum” as “the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” Blakely, 542 U.S. at 303, 124 S.Ct. 2531 (emphasis in original).
Only a jury can make findings to authorize a sentence beyond the statutory maximum. Thus, the trial court could not impose a sentence greater than one year in the county jail, two years of community control, or up to five years of probation, or any combination thereof, unless a jury determined that the greater sentence was necessary to protect the public.
Accordingly, the majority should not interpret section 775.082(10) based on sentencing guidelines principles now rendered obsolete by Blakely. We do not advance sound jurisprudence in this state by rejecting the arguments of both parties and ignoring binding United States Supreme Court case law. We should hold that a trial court lacks the lawful authority under this statute to make any findings without a special jury verdict or a waiver of the defendant’s Sixth Amendment right. Thus, I concur in result only that Appellant’s sentence must be reversed.